(5 App. Div. 172.)

### PEOPLE v. MULLINS.

'(Supreme Court, Appellate Division, First Department. May 8, 1896.)

1. MISDEMEANOR—CONVICTION OF ACCESSORY.
　　On the prosecution of the proprietor of a saloon for the sale of intoxicating liquor on Sunday, evidence of the conviction of his bartender for the sale is inadmissible.

2. CRIMINAL LAW—EVIDENCE.
　　In the prosecution of the proprietor of a saloon for the sale of intoxicating liquors on Sunday, testimony of a police officer, given on the examination before a magistrate of charges against defendant's bartender for the same sale, is inadmissible.

Appeal from court of general sessions, New York county.

Dennis Mullins was convicted of a violation of the excise law, and appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Charles Goldzier, for appellant.
John D. Lindsay, for the People.

INGRAHAM, J. The appellant was convicted upon the second count of an indictment which charged him with having unlawfully offered and exposed for sale certain strong and spirituous liquors, wines, ale, and beer. Upon the trial, the people called as a witness one Cotter, who testified that he worked for the defendant as a bartender. He was asked whether he was arrested on Sunday, June 30th, for a violation of the excise law. He answered that he was arrested for exposure. A record was then produced which was a record of conviction before the court of special sessions, upon a plea of guilty of a violation of the excise law on June 30, 1895, at the premises of which the defendant was the proprietor, and for which the witness was fined $50. This record was offered in evidence, was objected to by the defendant, and the objection was overruled, and the defendant excepted. We think the admission of this record was clearly error. The defendant was not indicted as an accessory, and, indeed, as the crime charged was a misdemeanor, he is the principal, whether or not, under the law as it formerly existed, he would, in the case of a felony, have been an accessory. Upon the question of his guilt, the conviction of his associates for the commission of a crime was entirely immaterial, the defendant not being a party to it, and it could have no effect upon the question as to whether or not he was guilty. The court of appeals have expressly held in the case of People v. Kief, 126

N. Y. 663, 27 N. E. 556, which was an indictment for a felony, that, with the change effected by the Penal Code, the distinction between principal and accessory disappeared, and thenceforward he who aided in the commission of a crime became equally guilty with him who committed it, and could be indicted, tried, and convicted as a principal. "If it is immaterial, therefore, upon the question of his guilt, whether a party engaged in the commission of a felony directly committed the crime alleged, or only abetted in its commission, it must be quite immaterial whether one jointly indicted with him for the offense has been acquitted or not. The question of the one defendant's guilt cannot turn upon the establishment of the other's guilt; it is an independent issue, to be tried out alone." The case of Levy v. People, 80 N. Y. 327, and others of that class, do not apply. That was an indictment under the law as it existed before the change made by the Penal Code, and set out that one Freeman was the principal felon, and that he, with others, had been convicted of the offense, and that the plaintiff in error was charged to have been his accessory. It was there held that the certificate of the conviction of Freeman was competent evidence to prove that allegation of the indictment, namely, that he had been convicted of the offense charged. There is nothing of that kind in this indictment. The defendant was indicted as a principal. It was not necessary to prove that any one else had been convicted of the offense to establish his guilt; and evidence tending to show that some one else had been convicted of the crime for which he was indicted was plainly incompetent, and could not but have been injurious to the defendant.

In addition to this record, there was produced from the files of the court of special sessions an examination of a police officer before a magistrate, by which he swore that Cotter did offer and expose for sale certain liquor on this 30th day of June, 1895; also, the examination of Cotter before the magistrate; a deposition of a police officer that one Ward also offered and exposed for sale, upon the same Sunday and at the same place, spirituous liquors; and the examination of Ward upon that charge. These depositions and examinations were read to the jury against the exception of the defendant. It is impossible for us to imagine upon what principle this deposition could have been competent evidence against this defendant. It was an ex parte statement of a police officer as to the guilt of the defendant's barkeeper, sworn to in the matter of the charges against the barkeeper, where neither the defendant nor the barkeeper had an opportunity to cross-examine the deponent. The court also admitted, against the objection and exception of the defendant, the record of the conviction of one Ward, who was proved to have been another barkeeper of the defendant, for a violation of the excise law upon the same Sunday. The only evidence connecting the defendant with this violation of the law was the fact that he was the proprietor of the saloon. Cotter, one of the barkeepers, was called and examined as a witness, and swore that the defendant was absent from his home on this Sunday; that he did not see, and had no conversation with, the

defendant on the Sunday in question; that he did not go to this place on Sunday by order of the defendant, but that he went there to clean the place up, and, while there, sold some beer, and put the money in the drawer. There was not the slightest competent evidence as against this defendant that either Cotter or Ward committed a crime on that day, except the evidence of Cotter; and, he being an accomplice, his evidence is not sufficient, unless corroborated.

There were several exceptions to the charge, which we think well taken, but which it is unnecessary to notice.

For the errors in the admission of this evidence, the judgment must be reversed. All concur.