GRANT *v.* THE STATE.

1. Courts will notice judicially that money is a thing of value. In an indictment for gambling, it is not necessary to allege that the money which was bet and played for was of any value.
2. On a trial in the county court upon an indictment transferred from the superior court, the accused is not entitled to a jury of

twelve, but to a jury of six, and the panel from which the trial jury is obtained is not one of twenty-four but is one of twelve men, the accused having four challenges and the State two. Code, §§ 298, 299(c).

3. The cases of *Rooks* v. *The State*, 65 *Ga.* 330, and *Lassiter* v. *The State*, 67·*Ga.* 739, uphold the discretion exercised by the court in allowing witnesses to testify after they had violated an order sequestering or separating the witnesses.

4. Where some of the persons named in the indictment as being those whom the accused played and bet with for money were present with others not named, and where the indictment alleges that the others were not known, a witness may testify that one of the named persons, together with others not named in the indictment, whose names he mentions, played and bet with the accused; and the evidence may take in any instance of such playing and betting which occurred within two years preceding the return of the bill of indictment.

5. The uncorroborated evidence of an accomplice is sufficient to warrant a conviction on an indictment for a misdemeanor. A request to charge the jury which connects matter which ought not to be charged with other matter, should be refused.

6. The answer of the county judge to the writ of *certiorari* not showing that the accused was absent when the verdict was returned, the petition, as to that ground, was unsupported by the answer.

7. There was no error in overruling the *certiorari*.

June 8, 1892.                    *Judgment affirmed.*

Criminal law. Indictment. Gaming. Jury. Witness. Evidence. Accomplice. *Certiorari.* Before Judge McWHORTER. Hancock superior court. April term, 1892.

Allen Grant was convicted in Hancock county court of betting and playing at cards. He took exceptions to the dismissal of his *certiorari*.

1. Error is assigned upon the overruling of his demurrer to the indictment, the ground being that it failed to allege that the money for which he played and bet was of any value, or what the value was.

2. The second alleged error is the overruling of the plea in abatement, as follows : When arrested on the charge above stated, defendant demanded indictment in the superior court, and on indictment therein was enti-

tled to a panel of twenty-five jurors from which he had the right of eight peremptory challenges; but the indictment, contrary to his wish and without his knowledge, was transferred to the county court where he is compelled to go to trial before the judge either without a jury or with a jury of six, while, had the indictment remained in the superior court, he would have been entitled to a jury of twelve. In the same connection he complains of the overruling of his challenge to the array of jurors, because it did not contain twenty-four names but only twelve. Whereupon he demanded in writing an array of twenty-four jurors, which demand was refused, and this also is excepted to.

3. It is complained that the county judge permitted John Sweet and William Warren, witnesses for the State, to testify, over defendant's objection, after they had failed to regard the order for their sequestration.

4. The judge allowed John Sweet to testify, over defendant's objection, that defendant, within two years next before the indictment, played cards for money at his own house with persons other than those named in the indictment.

5. The refusal of the judge to charge as follows is assigned as error: "If you believe from the evidence that any benefit or hope of reward was held out to Jack Sweet to procure his testimony against defendant, either in this court or before the grand jury which preferred the indictment, you would be authorized to disregard his testimony; or, if you so find that he was a participant in the gambling complained of, if any gambling took place, you could not convict the defendant on his uncorroborated testimony."

6. The defendant complains that he was not in the court-room at the time the verdict was returned and received by the court, nor until the jury had dispersed, but had been sent by an officer of court for a bucket of

water; and that it was error to receive the verdict in his absence. The judge was not aware of his absence, nor was attention thereto called by his counsel.

7. The petition for *certiorari* also alleges that the verdict is contrary to law, evidence and the charge of the court.

R. H. LEWIS and T. L. REESE, by brief, for plaintiff in error.

W. M. HOWARD, solicitor-general, by brief, *contra.*