### BRANSON *v.* THE STATE.

*Simmons, C. J.*—1. Where a paper has been by a proper order of court established as a copy of a lost indictment or presentment, the copy, until such order has been set aside, stands in lieu of the original. If such order is not revoked, the mere finding of a paper purporting to be the lost original cannot in any manner affect the legal *status* of the case.

2. The testimony of a witness for the State who swears that he and the accused on trial jointly committed a misdemeanor cannot be corroborated by evidence showing that the witness had previously pleaded guilty to this identical offense.

March 16, 1896.                                    *Judgment reversed.*

*Certiorari.* Before Judge Milner. Bartow superior court. January term, 1896.

Branson was tried in the city court of Bartow county, upon an established copy of a presentment alleged to have been found by the grand jury of Bartow county against him and one Anderson, charging them with larceny from the house on October 1, 1893, in stealing from the chicken-house of Dee Heard certain described chickens, the property of Ciely Heard. Branson was found guilty.

One of his assignments of error was, that the description of chickens in the established copy was not the same as that in the original indictment, the latter being lost at the time of the trial but having been since discovered; and that the copy was established as a presentment, while the original was in fact an indictment with Dee Heard as prosecutor.

The other error assigned was, that the solicitor-general was allowed to read in evidence the plea of guilty by Luther Anderson and the sentence of the court against him, over objection that they were irrelevant. The court instructed the jury that the same could be considered only on the credibility of Anderson, not as evidence of Branson's guilt.

*J. B. Conyers* and *Kontz & Conyers*, for plaintiff in error. *A. W. Fite, solicitor-general*, by *A. S. Johnson*, contra.