### 4621.  GRAY *v.* THE STATE.

### 4622.  GRAY *v.* THE STATE.

### 4623.  SAFFOLD *v.* THE STATE.

The court erred in admitting in evidence the pleas of guilty of two defendants jointly indicted with the accused on trial for the offense of assault and battery. "The confession of one joint offender or conspirator, made after the enterprise is ended, is admissible only against himself." Penal Code, § 1035.

DECIDED SEPTEMBER 9, 1913.

Indictment for assault and battery; from Early superior court—Judge Worrill. December 30, 1912.

*Glessner & Park,* for plaintiffs in error.

*B. T. Castellow,* solicitor-general, *J. A. Laing, R. R. Arnold,* contra.

RUSSELL, J. It is only necessary to deal with one of the assignments of error, for it is not likely that any errors which may have been committed on the former trial of this case will recur upon the new trial which we are constrained to grant. As to one of the assignments we will say, in passing, that whether the defendants were influenced by a controlling motive is a question of fact, but State's counsel should not be permitted, in argument, to go beyond the legitimate deductions to be drawn from the evidence actually introduced. It appears from the record that six persons made an assault upon the person of one John Weems, and, after compelling him by force to go with them to a lonely and secluded spot, gave

him an outrageous beating. Six persons were indicted for this offense, the plaintiffs in error being three of the number. Two of those indicted, Will Williams and Mark Hodge, pleaded guilty, and upon the trial the court permitted the pleas of guilty which had been filed by the defendants Williams and Hodge to be introduced against the plaintiffs in error. Proper and timely objection was made to the introduction of this testimony. The effect of this evidence was to use the confessions of Williams and Hodge against the defendants then on trial, as evidence of a conspiracy. The evidence was not essential to the State's case, because the accused were not indicted for riot; and, the indictment being for assault and battery, it was not necessary that conspiracy be shown. The purpose of the testimony, therefore, was to increase the probative value of other testimony tending to fix the crime upon the accused as being three of those persons who were identified by the prosecutor.

After a conspiracy is shown, the sayings of any of the conspirators in regard to the criminal project not yet completed are admissible; but after the conspiracy is ended no one of the conspirators is bound by the admissions or confessions of his fellows. Penal Code, § 1035. Admissions of guilt by Williams and Hodge were not necessarily evidence that even the declarants affirmed that the other defendants were guilty; and the only way in which these defendants could be affected by anything which Williams or Hodge might say in regard to the matter, after the transaction was over, would be by either of them testifying as a witness. Even if the suggestion that the defendants Williams and Hodge intended, in their pleas of guilty, to say that all of the persons indicted were likewise guilty could be inferred from the fact that they had pleaded guilty, such a statement would be nothing more than mere hearsay upon the trial of other defendants than themselves. "Where two persons have been jointly indicted for the same offense, but are separately tried, a judgment of conviction against one of them is not competent on the trial of the other, inasmuch as his conviction is no evidence either of joint action or of the guilt of the accused." 12 Cyc. 445; People v. Bearss, 10 Cal. 68; State v. Fertig, 98 Iowa, 139 (67 N. W. 87) ; Clark v. Com., 14 Bush (Ky.), 166; People v. Mullins, 5 App. Div. 172 (39 N. Y. Supp. 361); People v. Keif, 126 N. Y. 661 (27 N. E. 556), affirming 58 Hun,

337, 11 N. Y. Supp. 926, 12 N. Y. Supp. 896; State *v.* Bowker, 26 Or. 309 (38 Pac. 124); Bell *v.* State, 33 Tex. Cr. 163 (25 S. W. 769); Harper *v.* State, 11 Tex. App. 1; 14 Cent. Dig., Cr. Law, § 987. The trial judge may have been misled by the dictum in *Kirksey* v. *State,* 11 *Ga. App.* 146 (74 S. E. 902); and in so far as anything said in the opinion in that case conflicts with what we now rule, the same is disapproved. *Judgment reversed.*