### 34745. FIELDS *v.* THE STATE.

TOWNSEND, J. 1. In a misdemeanor case the testimony of an accomplice may, if credited by the jury, be sufficient to convict the accused, although his testimony be not corroborated by other evidence. *Johnson v. State*, 57 *Ga. App.* 813 (197 S. E. 61); *Loomis v. State*, 78 *Ga. App.* 153, 175 (51 S. E. 2d 13); *Grant v. State*, 89 *Ga.* 393 (5) (15 S. E. 488).

2. "The testimony of a witness for the State who swears that he and the accused on trial jointly committed a misdemeanor cannot be corroborated by evidence showing that the witness had previously pleaded guilty to this identical offense." *Branson v. State*, 99 *Ga.* 194 (2) (24 S. E. 404). Accordingly, it was improper to allow in evidence, over the objection of the defendant, an accusation against his alleged accomplice for the same offense, together with a plea of guilty thereon.

3. However, error in the erroneous admission of evidence is rendered harmless where substantially the same facts are testified to by a witness without objection; and the erroneous admission of documentary evidence relating to the guilt of the State's witness of the same offense is not cause for a new trial where, as here, the witness is permitted without objection to testify that he did in fact plead guilty to an accusation brought against him concerning the same transaction. See *Camp v. State*, 41 *Ga. App.* 459 (2) (153 S. E. 382); *Wheeler v. State*, 179 *Ga.* 287 (1) (175 S. E. 540); *Griffin v. State*, 15 *Ga. App.* 552 (3) (83 S. E. 871). The admission into evidence of the accusation with a

plea of guilty thereon being harmless, under these circumstances, it did not constitute reversible error for the court to charge thereon as follows: "You will have with you, gentlemen, certain documentary evidence introduced for your consideration. You will consider that along with the other evidence in the case, in reaching your decision."

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 19, 1953.

*V. E. Mitchell, Colon J. Cogdell,* for plaintiff in error.

*Jack J. Lissner, Jr.,* contra.

The defendant, Roy Fields, and one Ezekiel Tate were separately charged with the offense of lottery in the City Court of Brunswick. The defendant was tried and convicted, the principal evidence against him being the testimony of Tate who had previously pleaded guilty to the offense, and who testified that he conducted a lottery with the papers and paraphernalia discovered at his home, but did so under the advice and instructions of the defendant who acted as banker for the operation. No objection was offered to this testimony. The special assignments of error are on the grounds that the court erroneously permitted the introduction of the accusation against Tate with his plea of guilty thereon, and that the jury was instructed that they might consider the documentary evidence (which included such accusation and plea) together with the other evidence in the case in arriving at their verdict.