## 32600. SMITH v. THE STATE.

UNDERCOFLER, Presiding Justice.

John Henry Smith stands convicted of the armed robbery of a package store in Arcade, Georgia, for which he received a fifteen-year sentence. He appeals on the ground that his identification by the store's proprietor was tainted and was improperly admitted as evidence against him at trial. We affirm.

Charles Segars was standing outside his package store in Arcade, Georgia, when two black males approached. All three entered the store, then one of the two males ordered a six-pack of beer. As he turned back with the order, that person had a pistol pointed at him. Segars was forced to lie down on the floor, while the man with the pistol took his wallet from his pocket and the other emptied his cash drawer, then was ordered to go into the bathroom. He was threatened with death repeatedly. The two men remained in the store about fifteen minutes; when the door slammed, Segars came out to the front of the store, but the two robbers had disappeared.

Segars described the man with the pistol as having scars on his face and short hair, and as being approximately 30 to 35 years old. On the basis of this description, the investigating officer returned once or twice to Mr. Segars with photographs. One of these was a lineup from 1973, from which Segars identified the defendant, John Henry Smith. About a month later, the officer received a tip that Smith was staying with his brother in an Athens trailer park, but Smith escaped when Smith opened the door and saw the officers approaching the trailer. He was arrested several months later in Lavonia where he was using an assumed name.

At this point, thirteen months after the robbery, a lineup was established, including the defendant, for Mr. Segars' viewing. He picked the defendant without any hesitation. He also identified the defendant at trial. The only evidence presented against the defendant was the identification by Segars and the evidence of flight.

Smith claims that these identifications were tainted and should have been suppressed by the trial court under the standards set out in Neil v. Biggers, 409 U. S. 188 (93

SC 375, 34 LE2d 401) (1972), and *Heyward v. State,* 236 Ga. 526 (224 SE2d 383) (1976). The focus of this inquiry is "whether under the 'totality of the circumstances,' the identification was reliable even though the confrontation procedure was suggestive." *Heyward v. State,* supra, p. 528.

The defendant urges that both the initial photo display and the lineup were impermissively suggestive so that a denial of due process resulted. We do not see, and Smith has not shown, how the photo identification was tainted in any manner. Several photos were shown to Segars on one or two occasions, within two days after the incident in which the victim had ample time to observe his assailants. From one, he identified the defendant. We do not find the photo identification suggestive, nor do we find that it tainted Segars' in-court identification of the defendant.

The lineup at which Segars identified Smith consisted of five black males. Smith argues that, although several had facial scars, since one was a little shorter, one a little younger, three had Afros and one was balding while Smith had close cropped hair, three had goatees, which Smith did not have, and only one other was light skinned, though darker than Smith, that Segars' identification was inevitable. We do not agree. It is precisely these and similar characteristics which allowed Segars to identify his assailant, since they were characteristics which formed his impression of the person who robbed him and are consistent with his original description of the robbers. We note in addition that several of these factors, such as the presence of a goatee, were irrelevant since thirteen months had elapsed between the incident and the lineup. Nowhere does Smith allege that these characteristics were suggested to Segars by the police. As we said in *Heyward v. State,* supra, p. 529, "the point is that even though there be particularities which are extreme, such particularities must be evaluated with the other factors to determine the totality of the circumstances."

The factors to be considered in determining the totality of the circumstances are set out in Neil v. Biggers, supra, p. 199: (1) the opportunity of the witness to view the

criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. Smith contests only the last point. We find, however, that the thirteen-month interval alone did not render the lineup identification invalid, especially since Segars had selected the defendant from a photo only days after the incident.

We do not find in the totality of the circumstances that either the photo identification or the lineup were impermissively suggestive. Therefore, the trial court did not err in failing to suppress the identification evidence, and must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 29, 1977 — DECIDED SEPTEMBER 27, 1977.

*Davis, Davidson & Hopkins, Ronald K. Hopkins,* for appellant.

*Nat Hancock, District Attorney, L. Elizabeth Lane, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.