## 59382. DAVIS v. THE STATE.

SMITH, Judge.

1. Appellant contends the trial court committed reversible error in excluding the following testimony: "Dennis Nelson [the prosecutrix' stepfather] was standing on the porch and [appellant] and Short Stop was going up the street and Dennis was cussing and calling them all kinds of names . . . and said he was going to get even with him, he'd got something on him now . . . He run in the house and got the shotgun and back out there and near about in front of my house with the shotgun and told Benny Lee if he said a word, he'd blow his head off." For the reasons set forth in Division 2 of our opinion in *Freeman v. State,* 154 Ga. App. 254 (1980), appellant's contentions must be rejected.

2. Citing Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), appellant argues that the trial court erred in admitting certain statements made by appellant's co-defendant (who did not take the stand) to police. The statements amounted to an admission that appellant's co-defendant had had sexual intercourse with the prosecutrix. Appellant contends that, since he and his co-defendant were charged and tried jointly, the admission "necessarily implicated appellant even though all references to appellant were excluded." We cannot agree. As the Supreme Court stated in Bruton: "Here Evans' oral confessions were in fact testified to, and were therefore actually in evidence. *That testimony was legitimate evidence against Evans and to that extent was properly before the jury* during its deliberations. Even greater, then, was the likelihood that the jury would believe Evans made the statements and that they were true — *not just the self-incriminating portions but those implicating petitioner as well.*" (Emphasis supplied.) Id. at 127. In Bruton, the Supreme Court differentiated "self-incriminating" statements from "those implicating petitioner as well." In the instant case, unlike Bruton, none of the co-defendant's alleged statements can be said to fall within the latter category. There is nothing in the alleged statements from which appellant's participation in the crime can be inferred. See *Crowder v. State,* 237 Ga. 141, 150 (227 SE2d 230) (1976). The mere fact that appellant and his co-defendant were tried together does not render the co-defendant's alleged statements inculpatory with respect to appellant. As the trial court instructed the jury: "These defendants are being tried together, but I charge you that you are to consider the case of each of these — the cases of each of these defendants separately and you are to determine the guilt or innocence of each of these defendants in each

count without being controlled in that determination by your findings as to the guilt or innocence of the other defendant.

"The State's case in each count must stand or fall insofar as each defendant is concerned on its strength or weakness as to that particular defendant. In other words, you try the case of each of these defendants in each count just as if you would try it if only one defendant were on trial and you determine the guilt or innocence of each of the defendants without being controlled by your determination as to the guilt or innocence of the other."

None of the cases cited by appellant are controlling in the case at bar. The statements at issue in *Hill v. State,* 232 Ga. 800 (209 SE2d 153) (1974); *Reeves v. State,* 237 Ga. 1 (226 SE2d 567) (1976); and *Reddish v. State,* 238 Ga. 136 (231 SE2d 737) (1977), as well as Bruton, supra, all contain references to the respective appellant's participation in crime. In the instant case, such Bruton violations were scrupulously avoided. See *Ervin v. State,* 144 Ga. App. 504 (241 SE2d 650) (1978).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Submitted January 17, 1980 — Decided April 15, 1980.

*H. Lee Merritt, Jr.,* for appellant.
*W. Donald Thompson, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.