37062. THE STATE v. KNOWLES et al.

UNDERCOFLER, Justice.

The question in this certiorari is whether these defendants are entitled to a new trial because the court reporter claims she could not certify a *completely* accurate[1] transcript of the composite of the wiretap tapes ("composite tape"), which was played during their trial. The defendants on appeal argued that the tape was a major portion of the case against them and the denial of a fully certified transcript deprived them of due process by precluding a review of the sufficiency of the evidence against them on appeal. The Court of Appeals agreed. We reverse. The record and transcript, which includes as exhibits the composite tape and the State's transcription of it that were admitted in evidence at the trial, adequately reflect the evidence presented at trial from which the Court of Appeals can determine the sufficiency of the evidence against the defendants.

At trial, the State played separately, several telephone conversations intercepted by tapping the phones of the defendants, which it had collected on the composite tape. The witness who overheard and logged each conversation testified, and was extensively cross-examined, as to the time and circumstances of the taping, the identification of the voices, and the substance of the conversation. An FBI expert on gambling also interpreted the slang terminology used and was also cross-examined. As an aid to the trial of the case, the court, attorneys, jurors and press were given copies of the written transcription of the taped conversations prepared by the police. Some, but few, inaudible words and phrases are indicated among over 130 pages. However, it is evident from the examination and cross-examination of the witnesses and from listening to the tape

---

[1] At a hearing on an extraordinary motion for new trial, the court reporter testified that she had spent over 100 hours attempting to transcribe the composite tape accurately. She used as resources the original tape, the duplicate original, the composite tape itself, the tape from the open-mike during the trial, and her steno-mask recordation of the trial proceedings. She also could not find the original State transcriptions (S 32a and 32b) or the copy (S 33), which were admitted over objection into evidence at the trial. This court, however, gleaned from the record that these exhibits were in the Cobb Superior Court safe and ordered their transmittal to this court. They are now part of the record.

ourselves[2] that the tape is generally quite understandable. It is also clear that the attorneys for the defendants and the witnesses were able to understand the tapes and to pinpoint some inaccuracies during the trial. Furthermore, each juror had a copy of the transcription in order to follow the taped conversation as well as the examination of the witnesses regarding the tape.[3] All of the live testimony is certified by the court reporter and the tape and the transcription were admitted in evidence, albeit over objection. The trial court also certified that the parties stipulated that the transcription could go to the jury room with the jurors.

We hold that the record and trial transcript, which now includes the composite tape and the State's transcription of it, are complete and accurate enough to afford a full and fair review by the Court of Appeals as to the sufficiency of the evidence. We find no violation of the defendants' due process rights and remand the case for consideration of defendants' enumerations of error. See *Nelson v. State,* 247 Ga. 172 (1981); United States v. Wilson, 578 F2d 67 (5th Cir. 1978).

*Reversed and remanded. All the Justices concur.*

DECIDED FEBRUARY 10, 1981 —
REHEARING DENIED MARCH 3, 1981.

*Thomas J. Charron, District Attorney, Joseph L. Chambers, J. Robert Sparks, Assistant District Attorneys,* for appellant.
*Hylton B. Dupree, Jr., Barry Staples, Mark A. Johnson,* for appellees.

---

[2] The composite tape is a 7″ tape, recorded on both sides at 1 7/8 speed.
[3] *"Upon request by a defendant,* the jury should be instructed that a transcript is just another piece of evidence subject to objections, that it may have to be evaluated for accuracy, and that the jury need not accept any proferred transcript as accurate." (Emphasis supplied.) United States v. Onori, 535 F2d 938, 949 (5th Cir. 1976).