## 61802. LYNCH v. THE STATE.

SHULMAN, Presiding Judge.

Defendant appeals his convictions of the offenses of robbery and burglary, enumerating error in the denial of his motion to suppress identification testimony. Defendant contends that a photographic display was unnecessarily suggestive and that it denied him his right of due process. Based on this contention, defendant argues that the victim's subsequent in-court identification of defendant was tainted and should also have been suppressed. Since we do not agree that the photographic display was improper, defendant's contentions of error are not meritorious.

Two days after the offenses allegedly occurred, a photographic lineup consisting of eight photographs was displayed to the victim. Defendant contends that this display was misleading as to the

relative heights of the photographed suspects (who were depicted from the chest upward with a height chart as background) and that, because one of the critical factors of the victim's description of the assailant pertained to height, the photograph of the defendant was unduly suggestive. We disagree.

This issue is controlled adversely to defendant's contentions in *Eiland v. State,* 246 Ga. 112 (1) (268 SE2d 922). As in *Eiland,* the witness (victim) in the instant case maintained confidence in the accuracy of her identification. The victim testified that she had had ample time to view the defendant, who, before covering the victim's head, had beaten and choked her. In light of the victim's opportunity to view her assailant (her testimony was that she looked directly into his face); the accuracy of her description of the suspect; the certainty with which she selected the defendant's photograph (stating that she was "almost positive" that her assailant was the individual depicted in the photograph); and the relatively brief period of time between the commission of the crime and the victim's identification, we find unpersuasive the defendant's complaint that the photographic display was conducive to irreparable mistaken identification. See e.g., *Tate v. State,* 153 Ga. App. 508, 509, (265 SE2d 818). Moreover, in regard to defendant's complaint of the height demarcation on the photographs, the victim's testimony did not show that she based her identification on any height information obtainable from the photographs. *Eiland,* supra. In sum, we hold in accordance with *Eiland* that "[c]onsidering the totality of the circumstances, the trial court did not err in admitting [the victim's] identification testimony." Id., Division 1.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED MAY 26, 1981.

*John P. Howell,* for appellant.
*J. W. Morgan, District Attorney, Michael Walker, Assistant District Attorney,* for appellee.