## 62792. NEAL v. THE STATE.

BIRDSONG, Judge.

Warner Neal was convicted of first degree forgery and sentenced to five years, three to serve and two on probation.

On the basis of the evidence before the jury, that body was warranted in concluding that the owner of the two checks involved had suffered the theft of checks from his car. On January 19, 1981, Neal was positively identified as the person presenting one of the stolen checks in the amount of $185 to a retail merchant. This check

was made out to one Wright as payment for labor performed. The merchant knew the ostensible maker of the check and suspected something was amiss. The merchant called the maker's wife and agreed that if she would approve the check, the merchant would cash it. Neal left with the check, apparently to get that approval. Subsequently that check was cashed but no evidence showed who cashed the check. Neal never went to see the ostensible maker's wife.

The next day Neal and a co-accused, Hill, went to the bank upon which both checks involved had been drawn. Neal presented a check to a teller in the amount of $150 for payment to one Miller again for labor performed. The teller questioned the maker's signature and verified her suspicion by checking it against the signature on file. She then sent the check to the office for comparison. At that very time, the owner of the checks was in the bank closing his account because his checks had been stolen from his car. The teller closely observed the two occupants of the car, obtained a description of the car, its license number, and a description of the occupants. The teller identified Neal as one of the occupants but could not remember with certainty whether he was the driver or passenger. A handwriting expert identified the writing on the two checks as having been placed thereon by Neal.

Neal admitted being present at the bank in his mother's car and that Hill was a passenger. He admitted presenting the check in the amount of $150 to the teller but denied that he knew it was forged until after Hill told him it was a "funny" check. Neal denied being in the merchant's store or presenting the first check, or that he had written anything on either of the checks. In effect Neal defended by asserting that Hill was the culprit and he (Neal) was an innocent victim of circumstances. The jury acquitted Neal of the $185 check presented in the store but convicted him of presenting the check to the teller at the bank. Neal brings this appeal enumerating three errors. *Held:*

1. In his first enumeration of error, Neal raises the general grounds. We have no hesitancy in concluding that under the facts presented to the jury any trier of fact could conclude beyond reasonable doubt Neal's guilt of first degree forgery either as an aider and abettor to Hill or as the principal actor. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). Neal urges a story that he did not know the check was forged. This contention flies in the face of evidence that Neal placed all the fictitious writing on both checks. He attempted to pass a forged check to a merchant the day before. He was present and presented the check to the bank teller the next day. We find as a matter of law that the evidence supports the jury's verdict beyond

reasonable doubt.

Ancillary to this enumeration, Neal raises for the first time in his brief an argument that the jury was not charged on the theory of mistake of fact. Apparently Neal contends that he was at the bank on an innocent mission and was unaware of Hill's nefarious intent. We conclude that Neal's argument misses the point. Neal's evidence does not raise mistake of fact. It raises innocent presence or lack of intent. The trial court clearly and fully charged that in order to make a finding of guilt the jury had to find that Neal intended to defraud and that he (Neal) knowingly participated in the passing of the check. Thus, we conclude that the court adequately charged upon the issues raised by Neal's testimony. Moreover, mistake of fact was not requested at trial; nor was it made the subject of an enumeration of errors, but is raised for the first time in Neal's brief. Enumerations of error cannot be enlarged by means of statements in briefs of counsel to include issues not made in the former. See *Leniston v. Bonfiglio,* 138 Ga. App. 151, 153 (226 SE2d 1); *Holiday Homes v. Bragg,* 132 Ga. App. 594, 597 (208 SE2d 608). See also *Hill v. State,* 237 Ga. 523 (228 SE2d 898) as to the failure to request a charge on a collateral issue. We find no merit in this enumeration.

2. In his second enumeration of error, appellant urges error in the discharge of a juror for cause who was not excused until the jury had been sworn and seated but before evidence was taken. After the juror was sworn and while preliminary matters were being settled, the juror in question sent a note to the trial court which in effect said that the juror could not conscientiously find a person guilty irrespective of the quality or quantum of evidence if the defendant continued to protest his innocence or by a plea of not guilty. A hearing inquiring into the juror's belief and reasons therefor was conducted which we conclude established that the juror sincerely stated that he could under no circumstances find a defendant guilty who maintained his innocence. At the time of jury selection, an alternate juror had been picked. The trial court excused the disqualified juror for cause and seated the alternate as the twelfth juror. No further difficulty as to jury qualifications occurred thereafter.

Appellant argues that the juror was improperly discharged and that in the absence of a mistrial, with an entire new jury selection, he has been denied due process. We disagree.

In pertinent part, Code Ann. § 59-910 provides: "If at any time . . . a juror . . . upon . . . good cause shown to the court . . . is discharged for . . . legal cause, the first alternate juror shall take the place of the first juror. . . ."

Where a juror's opinion is so fixed and definite that it would not be changed by the evidence or charge of the court upon the trial of the

case, it is proper to excuse the juror for cause. *Tennon v. State,* 235 Ga. 594, 595, 596 (220 SE2d 914). We find such to be the situation in the case sub judice. Further, we find no error in failing to grant Neal a mistrial. Neal had full opportunity to voir dire and select thirteen jurors whom he considered qualified. The sudden disclosure of one of those previously selected as being disqualified had no more effect of denying him a qualified jury than if the juror had become ill or died. The alternate juror statute was designed to alleviate situations such as these. *Tanner v. State,* 242 Ga. 437 (1) (249 SE2d 238). We find no error in excusing this juror or in seating the alternate juror to take his place. See *Welch v. State,* 237 Ga. 665, 671 (5) (229 SE2d 390).

3. In his third and final enumeration of error, Neal contends that it was error for the trial court to refuse to admit into evidence the co-defendant Hill's plea of guilty to both counts of forgery. Neal argues that because he posited that Hill was the guilty party all along and that he (Neal) was an innocent bystander, the plea of guilty by Hill was highly relevant and corroborative of Neal's defense. While the logic of this argument is attractive, the legal foundation of such an argument is seriously flawed.

The legal relevance of a co-defendant's guilt or innocence is nonexistent in the trial of the other co-defendant (except in the nonapplicable instance of a charged conspiracy). See *Gray v. State,* 13 Ga. App. 374 (79 SE 223). Neal's guilt or innocence had to be determined upon the basis of the evidence introduced in his trial and that issue could not be affected by the subjective belief of a co-defendant who had entered a plea of guilty at a separate trial. Evidence of Hill's plea of guilty being totally irrelevant in Neal's trial, the refusal to accept documentary proof of such a plea was not error.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED JANUARY 7, 1982.

*Bobby Bearden,* for appellant.
*Willis S. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.