65033. MONTFORD et al. v. THE STATE.

BIRDSONG, Judge.

On October 6, 1976, Swayze Montford and Phillip Hodge, along with one other, were tried for the crime of armed robbery. Montford and Hodge were convicted as charged. The third individual's involvement ended in a mistrial. Montford and Hodge were each sentenced to serve life imprisonment. The court reporter who took down the transcript, after the trial but before the transcript was prepared, left the employ of the court. As a result the transcript remained inchoate on tape. Though the reporter was asked to prepare a transcript after he left the court's employ, the reporter declined to do so. Appellants each filed a motion for new trial on October 19, 1976. However, the motion could not be considered because of the lack of a transcript.

Four requests for an extension were filed during 1976 and 1977

in order to obtain a transcript and perfect the motions for new trial. In September, 1977, the trial defense requested permission to withdraw as counsel, which request was granted by the trial court. Therefore the pending motion for new trial remained inactive. Ultimately newly appointed counsel moved on August 12, 1981, for a complete transcript in order to continue and perfect the motion for new trial. A hearing was held on this motion, and it was determined that the tapes were very difficult to understand and contained much which was inaudible. The trial court granted motion for and ordered a complete and accurate transcript including the voir dire, opening statements and closing arguments. Though the present court reporter was able reasonably to transcribe most of the trial proper (i.e., testimony of witnesses, objections, rulings, etc.) apparently the court reporter was not able to or did not transcribe the voir dire, opening statements and closing arguments. Additionally, portions of the court's charge and other portions of the record could not be deciphered. Affidavits from the trial counsel and of the judge presiding at the trial (now a senior judge) could not fill in the missing elements. Appointed counsel moved for a new trial on three grounds: (1) that the absence of a complete and accurate transcript precluded due process in the appellate process; (2) the general grounds; and (3) a portion of the charge of the court. The trial court denied the motion for new trial and appellants appeal that ruling. *Held:*

We need only address the first mentioned ground on the motion for new trial. In considering this asserted denial of a full and accurate transcript, we observe that the appellee has not filed a responsive brief. The failure of the appellee to file a brief does nothing to the case except to admit the statement of facts by the appellant, which so far as they are supported by the record, this court may accept as being prima facie true. *Colson v. State,* 138 Ga. App. 366 (1) (226 SE2d 154). We are faced therefore with a transcript on appeal that was delayed from October, 1976 until July, 1982, almost six years, due to the unwillingness or inability of the court reporter to furnish a complete and accurate transcript. Even when ultimately submitted by a new reporter, the transcript did not conform to the order of the trial court, for the transcript does not include the voir dire, opening statements or closing arguments, nor could portions of the trial proceedings be fully reproduced.

Apparently, the trial court concluded that the record and transcript could not be reconstructed or reported verbatim either by the court or counsel, and thus forwarded to this court what was available for review. However, it is not the function of this court to attempt to perfect or interpret a record or transcript of a trial proceedings. See Code Ann. §§ 6-805 (a) and 27-2401. It is

unreasonable to assume that this court can reconstruct or interpolate a transcript when the court reporter was unable to do so after diligent effort, and the court and counsel were unable to do so. Both this court and our Supreme Court have held that the failure of the state to file a correct transcript, through no fault of the appellant, effectively deprives the defendant of his right to appeal. *Knowles v. State,* 156 Ga. App. 389, 390 (274 SE2d 590). It is true that where the transcript itself shows error is harmless, it may so be declared. Here, however, the transcript omissions preclude us from ascertaining if errors were made and if so, whether they were harmless. See *Montos v. State,* 212 Ga. 764, 766 (95 SE2d 792).

A person convicted has a right of appeal. Inherent therein is the right to a transcript on appeal. See Griffin v. Illinois, 351 U. S. 12 (76 SC 585, 100 LE 891). The transcript is to be true, complete and correct. The evidence is undisputed that the transcript in this case cannot be delivered in accordance with the order of the trial court. In the ordinary case we would simply order a new transcription. That obviously is impossible. Thus there is no recourse under these circumstances but to order the appellants a new trial. *Wilson v. State,* 246 Ga. 672, 676 (273 SE2d 9); *Wade v. State,* 231 Ga. 131 (1) (200 SE2d 271). We are satisfied that the instructional error, of which complaint is made, assuming the instruction to be erroneous, will not reoccur upon the new trial.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED DECEMBER 3, 1982.

*Richard T. Taylor, Karl M. Rice,* for appellants.
*Beverly B. Hayes, District Attorney,* for appellee.