### 71566. FOSTER v. THE STATE.
(343 SE2d 745)

CARLEY, Judge.
Appellant and two others were jointly indicted for one count of armed robbery and one count of kidnapping. The two co-indictees entered pleas of guilty and appellant subsequently stood trial alone. The jury returned a verdict of guilty as to both counts and appellant appeals from the judgment of conviction and sentence entered thereon.

1. Prior to trial, appellant filed a written motion in limine seeking to prevent the State from making reference to the guilty pleas of his co-indictees. The trial court granted the motion, "subject . . . to

other things that could occur during . . . the trial that might make that relevant." At trial, the victim, while recounting the details of the crime, testified that he was "a hundred percent sure" that appellant had been one of the three men who had attacked him and that he was "90% certain" that he could identify the other two men. On cross-examination, the victim was subjected to a strong attack on the credibility of his identification testimony. Appellant endeavored totally to discredit the victim's testimony on the basis that he had, in fact, been too physically and emotionally distraught to make any credible identification of his attackers and that he also had an insufficient opportunity to view them clearly.

By way of rebuttal, the State then sought to introduce into evidence the guilty pleas of appellant's co-indictees. The State's contention was that the cross-examination of the victim had rendered the guilty pleas relevant with regard to the credibility of the victim's identification of appellant as one of the three perpetrators. Appellant objected that the admission of the guilty pleas of his co-indictees would deny him a fair trial. The trial court, however, admitted the guilty pleas for their limited relevancy regarding the victim's credibility as an eyewitness. Appellant assigns this ruling as error.

In Georgia, there is a recognized rule of inadmissibility with regard to a non-testifying co-indictee's guilty plea. The cases which apply this rule of inadmissibility rely upon the language of OCGA § 24-3-52 and, based upon the consequent irrelevancy or incompetency of that guilty plea as proof of the guilt of the defendant on trial, hold that it cannot be used as substantive evidence "against" him. See generally *Gray v. State*, 13 Ga. App. 374 (79 SE 223) (1913); *Hayes v. State*, 136 Ga. App. 746 (222 SE2d 193) (1975); *Boggus v. State*, 136 Ga. App. 917 (1) (222 SE2d 686) (1975); *Neal v. State*, 160 Ga. App. 834, 837 (3) (288 SE2d 241) (1982). Compare *Gary v. State*, 156 Ga. App. 856, 858 (3) (275 SE2d 830) (1980) (evidence of guilty plea admissible on credibility of *testifying* co-indictee). But see *Golden v. State*, 163 Ga. App. 629, 630 (295 SE2d 144) (1982).

Accordingly, there would seem to be no controlling authority in Georgia which recognizes the existence of any viable "exception" to our established rule of inadmissibility of the guilty plea of a non-testifying co-indictee. On the other hand, however, there is no authority which forecloses the possibility that such "exceptions" exist. It appears that the applicable procedure in the federal courts is to employ a simple balancing test for determining the admissibility of a co-indictee's guilty plea. "One person's guilty plea or conviction may not be used as substantive evidence of the guilt of another. [Cits.] The introduction of a co-defendant's guilty plea is permissible, however, when its use is limited to proper evidentiary purposes such as to impeach trial testimony or to reflect on a witness' credibility. [Cit.]"

*United States v. King*, 505 F2d 602, 607 (5th Cir. 1974). This general rationale for determining admissibility is persuasive, and we hereby adopt it as the rule to be followed in Georgia courts. Thus, the issue in the instant case becomes whether the two guilty pleas were erroneously admitted as substantive evidence of appellant's guilt or were, instead, correctly admitted for a proper limited evidentiary purpose.

As indicated, it was only after the attack on the credibility of the victim's eyewitness testimony that the State sought the admission of the guilty pleas as corroboration for the victim's asserted degree of certitude in his ability to identify appellant as one of his attackers. Compare *Branson v. State*, 99 Ga. 194 (2) (24 SE 404) (1896); *Fields v. State*, 88 Ga. App. 770 (2) (77 SE2d 751) (1953) (guilty plea of co-defendant not admissible to corroborate *his own inculpatory* testimony). It is "relevant and proper for the State [to] . . . neutralize the effect of the testimony given on cross-examination and attempt to sustain its witness's credibility, which was of course for the jury. [Cits.]" *Walton v. State*, 65 Ga. App. 124, 128 (6) (15 SE2d 455) (1941). "[C]onsiderable latitude must be allowed in the admission of corroborative evidence. It is permissible to strengthen a witness's testimony by evidence of matters showing its consistency and reasonableness, and tending to indicate that the facts probably were as stated by the witness. [Cits.]" *Aycock v. State*, 62 Ga. App. 812, 818 (10 SE2d 84) (1940).

Evidence that the same two individuals whom the victim had identified as perpetrators with "90% certain[ty]" had themselves acknowledged their guilt would undoubtedly tend to corroborate the victim's strenuously contested assertion that he was "a hundred percent sure" of his identification of appellant as the third perpetrator. The evidence tended to neutralize the effort on cross-examination to establish the victim's lack of credibility as to the details of his ordeal. It tended to sustain the victim insofar as his professed opportunity to observe and ability to recognize his three attackers were concerned. It was made clear to the jury that the guilty pleas were not to be used as substantive evidence of appellant's guilt. The trial court gave jury instructions as to "[t]he limited purpose for which the [evidence] was used by [the State]. . . ." *Boyd v. State*, 244 Ga. 130, 131 (259 SE2d 71) (1979). Under these circumstances, it is apparent that "[t]here [was] nothing . . . from which appellant's participation in the crime [could] be inferred. [Cit.] The mere fact that appellant and his co-defendant[s] were [indicted and would have been] tried together does not render the co-defendant's [own inculpatory admissions] inculpatory with respect to appellant." *Davis v. State*, 154 Ga. App. 357 (2) (268 SE2d 409) (1980).

The jury having been apprised that the evidence was not relevant as to appellant's guilt but only as to the collateral issue of the credi-

bility of the victim's identification testimony, there was no error. *Aycock v. State*, supra.

2. The remaining enumerations also relate to the victim's identification testimony. The victim had identified appellant in two separate pre-trial photographic displays. The photographs that comprised the displays are not included in the record on appeal, having been lost by the court reporter after appellant's trial. Appellant first urges that this loss has effectively deprived him of his right to appeal on the basis of the "impermissible suggestiveness" of the photographs.

There has been no failure on the part of the State to file any transcript whatsoever. Compare *Wade v. State*, 231 Ga. 131, 133 (I) (200 SE2d 271) (1973). Appellant makes no contention that the transcript that has been filed is erroneous. Compare *Wilson v. State*, 246 Ga. 672 (273 SE2d 9) (1980); *Parrott v. State*, 134 Ga. App. 160 (2) (214 SE2d 3) (1975). The sole contention is that, absent the actual photographs, the transcript is not complete. However, a review of the transcribed oral testimony, the accuracy of which appellant does not contest, shows that extensive reference was made by the sworn witnesses as to every aspect of the photographic displays. Compare *McElwee v. State*, 147 Ga. App. 84 (248 SE2d 162) (1978); *Montford v. State*, 164 Ga. App. 627 (298 SE2d 319) (1982). There is testimony describing the various photographs, how they were similar, how they differed, and how they were utilized. Under these circumstances, the transcript is "complete and accurate enough to afford a full and fair review by the Court of Appeals. . . ." *State v. Knowles*, 247 Ga. 218, 219 (274 SE2d 468) (1981).

3. Appellant next asserts the merits of his contention that the victim's identification testimony was the product of impermissibly suggestive procedures. As discussed in Division 2, the transcript contains extensive testimony which explicates the nature of the two pre-trial photographic display procedures and the basis upon which appellant contends that they were impermissibly suggestive. "In light of the evidence concerning the composition and conduction of [the procedures], we find meritless appellant's argument that [they were] impermissibly suggestive and that the [victim's] identification testimony should have been excluded. [Cits.] . . . [Moreover,] [e]ven assuming that [these] photographic display[s] [were] impermissibly suggestive, we find there was not, in light of the totality of the circumstances, a substantial likelihood of misidentification by [the] victim. [Cits.]" *Cantrell v. State*, 154 Ga. App. 725, 726 (270 SE2d 12) (1980). See also *Thornton v. State*, 238 Ga. 160 (1) (231 SE2d 729) (1977); *Davis v. State*, 159 Ga. App. 356, 360 (3) (283 SE2d 286) (1981); *Cleveland v. State*, 164 Ga. App. 478, 480 (1) (298 SE2d 22) (1982); *Arnold v. State*, 166 Ga. App. 313, 315 (4) (304 SE2d 118) (1983); *Smith v. State*, 169 Ga. App. 686 (314 SE2d 703) (1984); *Anderson v. State*,

168 Ga. App. 243, 244 (1) (308 SE2d 623) (1983). Although the length of time which may have passed between the actual crime and the pretrial identifications is a factor to be considered, it does not militate against the introduction of the testimony in the instant case. See generally *Smith v. State*, 239 Ga. 744 (238 SE2d 884) (1977). Accordingly, the victim's testimony regarding his identification of appellant was not inadmissible. See generally *Lynch v. State*, 158 Ga. App. 643 (281 SE2d 640) (1981).

*Judgment affirmed. Birdsong, P. J., concurs. Sognier, J., concurs specially.*

SOGNIER, Judge, concurring specially.

I concur in Divisions 2 and 3 and in the judgment only. I do not concur in Division 1. The admission of a non-testifying co-indictee's plea of guilty has no legal relevance in the trial of another co-indictee and is inadmissible. *Neal v. State*, 160 Ga. App. 834, 837 (3) (288 SE2d 241) (1982). *United States v. King*, 505 F2d 602 (5th Cir. 1974) is inapposite to the facts of the instant case, for *King* involved a *testifying* co-indictee whose guilty plea was raised by the defense.

In the instant case I fail to see how the guilty pleas of two non-testifying co-indictees bolstered the testimony of the victim that he was "a hundred percent sure" appellant was one of three men who kidnapped and robbed him. Although the State offered the guilty pleas purportedly on the issue of the victim's credibility, his credibility had been bolstered during the State's case-in-chief by two police officers who testified that the victim immediately picked appellant out of photographic lineups in 1982 and again in 1984. I see no purpose served by the evidence of the guilty pleas save that of being substantive evidence of appellant's guilt by implication, despite the judge's warning to the contrary.

The rule of inadmissibility of a non-testifying co-indictee's plea of guilty has its genesis in OCGA § 24-3-52 (former Code Ann. § 38-414), *Boggus v. State*, 136 Ga. App. 917 (1) (222 SE2d 686) (1975), and while *King* makes an exception when the use of a *testifying* co-indictee's plea of guilty is limited to proper evidentiary purposes in federal cases, I do not believe this court has authority to make exceptions to rules created by State statute. Nevertheless, I find the error harmless because the evidence of appellant's guilt was overwhelming, and it can be fairly said that it was highly probable that any erroneous admission of evidence did not contribute to the judgment in this case. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

Decided March 18, 1986 —
Rehearing denied April 1, 1986 — 

*William C. Puckett, Jr.*, for appellant.
*Robert E. Wilson, District Attorney, James M. McDaniel, Susan Brooks, Assistant District Attorneys*, for appellee.