## 76169. MINDOCK v. THE STATE.

(370 SE2d 670)

DEEN, Presiding Judge.

Appellant Mindock was one of several defendants arrested in November 1986 at the culmination of a six-month-long undercover operation conducted jointly by the Federal Bureau of Investigation (FBI) and the Georgia Bureau of Investigation (GBI) with regard to a Dade County drug distribution conspiracy. A jury found Mindock guilty as charged of the offenses of trafficking in cocaine and possession of a controlled substance, hydromorphone. He appeals, enumerating as error (1) the trial court's overruling of an objection, on grounds of relevance, to the State's eliciting from its own witness testimony regarding the guilty pleas of certain others arrested in the "drug bust," and refusal to instruct the jury to disregard the testimony; (2) the sufficiency of the evidence on the trafficking charge; and (3) the trial court's granting the State's motion to curtail the closing argument of defense counsel. *Held*:

1. A careful reading of the relevant colloquy between prosecution, defense, and the court indicates that, in context, the prosecution's objection was appropriate and should not have been construed as an improper motion to curtail defense counsel's argument. The trial transcript filed with this court, moreover, does not include a transcript of the closing arguments. Absent a transcript, this court can only presume that this portion of the trial was conducted in a regular and proper manner. *Miller v. Grier*, 175 Ga. App. 91 (332 SE2d 323) (1985). When an appellant seeks to prove error in the trial proceedings, the burden is on him to produce a transcript of the allegedly erroneous matter. *Hunnicutt v. Hunnicutt*, 182 Ga. App. 578 (356 SE2d 679) (1987). We find no reversible error here.

2. At trial Appellant objected to testimony of a State witness regarding guilty pleas by joint offenders, as well as to testimony that two of the other joint offenders were fugitives. Specifically, the testimony and the objection thereto was as follows: "Q. Of course, Mr. John Boatwright entered a plea of guilty in the Federal Court, is that correct? A. Yes, Sir, that is my information. All of the individuals in this particular investigation with the exception of the two defendants today, and two of the suspects, Mr. Frank Miller and Mr. Ronald Teems, which are fugitives, and have never been arrested or arraigned, have plead guilty in this case. MR. EMMETT: [DC] Your Honor, I would object to that and ask that that be striken (sic), that has got nothing to do with this case. THE COURT: Objection sustained. MR. FRANKLIN: [DA] All right. MR. EMMETT: Likewise request that the jury be instructed to disregard that statement in its entirety. THE COURT: What says counsel for the State? MR. FRANKLIN: Your Honor, we believe that is part of the conspiracy,

and result of it. MR. EMMETT: Conviction of someone else has nothing at all to do with conspiracy. THE COURT: Is that your objection? MR. EMMETT: Yes, sir, it's completely irrelevant to the trial of Mr. Mindock. THE COURT: That objection based upon that ground is overruled."

The ruling of the court was error requiring reversal. OCGA § 24-3-52 provides: "The confession of one joint offender *or conspirator* made after the enterprise is ended shall be admissible only against himself." (Emphasis supplied.) On the basis of this statute and its predecessor statutes, this court has consistently held that a guilty plea of a joint offender is not admissible in evidence at the trial of another joint offender. *Gray v. State*, 13 Ga. App. 374, 375 (79 SE 223) (1913); *Hayes v. State*, 136 Ga. App. 746 (1) (222 SE2d 193) (1975); *Neal v. State*, 160 Ga. App. 834, 837 (3) (288 SE2d 241) (1982); *Foster v. State*, 178 Ga. App. 478, 479 (1) (343 SE2d 745) (1986). As pointed out in *Foster*, the cases which apply this rule of inadmissibility rely upon § 24-3-52, supra, and upon the consequent *irrelevancy or incompetency* of that guilty plea as proof of the guilt of the defendant on trial, and hold that the plea cannot be used as substantive evidence against him. Although this rule does not apply where the joint offender is present and testifies as a witness subject to cross-examination, *Brown v. State*, 132 Ga. App. 200 (2) (207 SE2d 682) (1974), that exception is inapplicable here.

Under the rule set forth above, the testimony complained of by appellant is not relevant and admissible to establish the existence of a conspiracy. This is particularly true where, as here, appellant was not charged with conspiracy. See *Neal*, supra. As a general rule, an objection on the ground that testimony or evidence is irrelevant and immaterial, without more, is not a valid objection. See, e.g., *Shouse v. State*, 231 Ga. 716, 717 (4) (203 SE2d 537) (1974); *Lightsey v. State*, 160 Ga. App. 62, 63 (3) (286 SE2d 41) (1981). Valid or not, however, the court treated appellant's objection as valid and ruled on it, not once, but twice. We are therefore bound to review the ruling of the court. Further, we held in *Neal*, supra, that "[t]he legal *relevance* of a co-defendant's guilt or innocence is nonexistent in the trial of the other co-defendant. . . ." (Emphasis supplied.) Thus an objection that guilty pleas of other joint offenders "has got nothing to do with this case" (i.e., are not relevant) was a valid objection to the testimony of the State witness. Moreover, in view of *Gray, Hayes, Neal* and *Foster*, supra, and other cases cited above, even if the objection were deemed invalid or insufficient, the evidence was so prejudicial and so repugnant to the idea of a fair trial that to admit such evidence would be error even in the absence of an objection. See *Almond v. State*, 180 Ga. App. 475, 480 (349 SE2d 482) (1986).

Nor is the error harmless. To let the jury know that all defend-

ants have pled guilty except the two on trial and two who are fugitives is extremely prejudicial and denies appellant his right to a fair trial. The only inference to be drawn from such testimony is that because all the other defendants pled guilty, appellant must also be guilty, since he was apprehended at the same time and place as the defendants who had entered guilty pleas.

There was virtually no evidence to support the contention that appellant had any connection with trafficking in cocaine other than the fact that he was present in the house when law enforcement officials broke into the house and apprehended all persons present. In fact, the evidence indicated that the Boatwrights were the individuals dealing in cocaine, and were the individuals who had previous cocaine dealings with undercover agents and informers. The evidence against appellant on the charge of possession of hydromorphone was circumstantial. In such a factual situation, we cannot say that the testimony relating to guilty pleas of other joint offenders did not unduly prejudice the jury against appellant, and influence the verdict in this case. We held in *Hayes*, supra, that it was reversible error to allow a co-defendant to plead guilty in the presence of the jury panel, and that situation is in no way different from allowing the State here to present evidence that all other defendants in custody had pled guilty. Appellant's conviction must be reversed and the case remanded for a new trial.

*Judgment reversed; case remanded for new trial. Sognier, J., concurs. Carley, J., concurs in Division 1 and in the judgment.*

DECIDED JUNE 13, 1988.

*John R. Emmett*, for appellant.
*David L. Lomenick, Jr., District Attorney, James D. Franklin, Assistant District Attorney*, for appellee.