## S01A0602. FREZGHI v. THE STATE.
### (548 SE2d 296)

CARLEY, Justice.

A jury found Zarai Frezghi guilty of the malice murder and felony murder of his wife. The trial court properly entered a judgment of conviction only on the malice murder verdict and sentenced Frezghi to life imprisonment. *Stowe v. State*, 272 Ga. 866 (536 SE2d 506) (2000). He filed a motion for new trial which was denied, and he appeals.[1]

1. Construed in the light most favorable to the State, the evidence shows that Frezghi stabbed his wife 44 times while pursuing her through their home, and that he ultimately killed her by cutting her throat with her head pulled back, severing her windpipe and the major arteries to her head. Frezghi contends that the evidence shows only that he committed voluntary manslaughter, because the State did not contradict his testimony that the victim first stabbed him during an argument and that he became angry, took the knife from her, and could not control himself.

> "It is for the jury to determine whether any killing is intentional and malicious from all the facts and circumstances. [Cit.]" [Cit.] . . . [E]vidence of anger is not, as a matter of law, a showing of the provocation necessary to set aside a finding of malice. [Cit.]

*Sutton v. State*, 264 Ga. 222-223 (1) (443 SE2d 481) (1994). We conclude that the evidence, including the numerous stab wounds and the cruel and deliberate nature of the final wound, was sufficient to authorize the jury to find Frezghi guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lewandowski v. State*, 267 Ga. 831, 832 (1) (483 SE2d 582) (1997); *Sutton v. State*, supra at 222 (1); *Brooks v. State*, 258 Ga. 20, 23 (5) (365 SE2d 97) (1988). Because the trial court cor-

---

[1] The crime occurred on December 15, 1995. The grand jury returned its indictment on May 2, 1996. The jury found Frezghi guilty on February 25, 1998 and, on the same day, the trial court entered the judgment of conviction and sentence. Frezghi filed a motion for new trial on March 23, 1998. The trial court denied that motion on November 9, 2000, and Frezghi filed a notice of appeal on December 1, 2000. The case was docketed in this Court on January 11, 2001 and submitted for decision on March 5, 2001.

rectly entered a judgment of conviction only on the verdict finding Frezghi guilty of malice murder, we need not consider the sufficiency of the evidence as to the alternative charge of felony murder. *Goforth v. State*, 271 Ga. 700, 701 (2) (523 SE2d 868) (1999).

2. Frezghi urges that the trial court violated his right to be present at all stages of trial when it conducted part of voir dire in chambers. Although one of Frezghi's trial attorneys testified on motion for new trial that Frezghi was absent during that portion of voir dire, the testimony of both prosecutors demonstrated that he was present with an interpreter. After hearing the conflicting testimony, the trial court concluded that Frezghi was present in chambers for voir dire with an interpreter. The court was authorized to weigh the credibility of witnesses, and its factual findings were not clearly erroneous. *Adams v. State*, 245 Ga. App. 607, 610 (3) (538 SE2d 508) (2000).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2001.

*Peter M. Zeliff,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Jeanne M. Canavan, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General,* for appellee.