## S08A0084. ROBINSON v. THE STATE.
### (657 SE2d 822)

CARLEY, Justice.

After a jury trial, Dalreno Robinson was found guilty of the felony murder of Kevin Stiggers and a separate count charging the underlying felony of aggravated assault. The trial court entered judgment of conviction for felony murder, merged the aggravated assault count into the felony murder, and sentenced Robinson as a recidivist to life imprisonment without parole. A motion for new trial was denied, and Robinson appeals.[*]

1. Construed most strongly in support of the verdicts, the evidence shows that, while in Vera Campbell's apartment, Robinson and the victim fought in a bedroom over Robinson's refusal to return a MARTA card to Ms. Campbell. After she separated the two men, Ms. Campbell left the room and subsequently heard Robinson say "I got something for you." The victim responded, "You stabbed me, man." When police officers arrived, Robinson told them "I'm not stabbed, I stabbed him." They discovered a six-inch steak knife wrapped in a bloody towel. One of multiple stab wounds caused the death of the

---

[*] The homicide occurred on April 22, 2002, and the grand jury returned an indictment on July 2, 2002. The jury found Robinson guilty on February 12, 2003, and the trial court entered judgment on February 14, 2003. The motion for new trial was filed on February 20, 2003 and was denied on April 20, 2007. Robinson filed a notice of appeal on May 1, 2007. The case was docketed in this Court on September 17, 2007, and submitted for decision on November 12, 2007.

unarmed victim. Robinson's testimony regarding self-defense was countered by other evidence that he was uninjured and that Ms. Campbell did not leave any knife in the bedroom. On appeal, Robinson highlights his version of the homicide "and reasserts his claim of self-defense. Witness credibility is a matter for the jury, as is the question of justification; therefore, the jury was free to reject the claim that [Robinson] stabbed [the victim] in self-defense. [Cit.]" *Price v. State*, 280 Ga. 193, 195 (2) (625 SE2d 397) (2006), disapproved on other grounds, *Patel v. State*, 282 Ga. 412, 413 (2), fn. 2 (651 SE2d 55) (2007). Furthermore, the evidence that Robinson and the victim fought over a MARTA card did not require that Robinson be found guilty of voluntary manslaughter instead of felony murder. See *Frezghi v. State*, 273 Ga. 871 (1) (548 SE2d 296) (2001). The evidence presented at trial was sufficient to enable a rational trier of fact to find Robinson guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Cockrell v. State*, 281 Ga. 536, 537 (1) (640 SE2d 262) (2007).

2. Prior to trial, the State filed notice of its intent to seek a life sentence without the possibility of parole. Attached to that notice were certified copies of several prior felony convictions, including armed robbery. During the sentencing hearing, there was some discussion of the notice, and the State offered a certified copy of the armed robbery conviction and other exhibits. When the trial court asked whether there was any objection to either the State's notice or admission of the exhibits, defense counsel answered in the negative. The trial court admitted into evidence all of the certified copies of prior felony convictions. However, the trial transcript does not include those exhibits. Robinson contends that the State's mere mention of a certified copy of the armed robbery conviction is insufficient and, thus, that the record does not support his sentence as a recidivist.

As noted above, however, the record does contain a certified copy of the armed robbery conviction, which is attached to the State's notice, and the transcript shows that that exhibit was admitted into evidence at the sentencing hearing. Therefore, a review of the entire record and transcript reveals both the proper admission and the contents of a certified copy of the prior armed robbery conviction. See *Johnson v. State*, 251 Ga. App. 489, 492 (1), fn. 6 (554 SE2d 612) (2001); *Goddard v. State*, 244 Ga. App. 730, 731 (1) (536 SE2d 160) (2000). Compare *Peterson v. Beasley*, 274 Ga. 882 (561 SE2d 429) (2002) (where the decree was dependent upon an exhibit which was included in neither the record nor transcript, and whether the exhibit was admitted in evidence could not be determined). Under these circumstances, the record and trial transcript are complete and accurate enough to permit a full and fair review of the evidence

supporting Robinson's sentence. See *State v. Knowles*, 247 Ga. 218, 219 (274 SE2d 468) (1981); *Foster v. State*, 178 Ga. App. 478, 481 (2) (343 SE2d 745) (1986).

Robinson argues that the record does not show that his guilty plea to armed robbery was preceded by a waiver of his rights under *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). As Robinson failed to object "on constitutional grounds to the introduction into evidence at the sentencing phase of a prior conviction based on a guilty plea . . . , any claim that the guilty plea was not entered knowingly, voluntarily and intelligently is waived. [Cit.]" *Tharpe v. State*, 262 Ga. 110, 113 (8) (416 SE2d 78) (1992). See also *Bright v. State*, 265 Ga. 265, 286 (20) (455 SE2d 37) (1995). Moreover, the State met its initial burden of proving both the existence of a prior guilty plea to armed robbery and representation by counsel, and Robinson failed to meet his burden of producing some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. *Nash v. State*, 271 Ga. 281, 285 (519 SE2d 893) (1999). Compare *Bazemore v. State*, 273 Ga. 160, 161 (1) (535 SE2d 760) (2000) (habeas). Accordingly, the evidence of record supports Robinson's sentence as a recidivist.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 25, 2008.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Amy E. Hawkins Morelli, Assistant Attorney General*, for appellee.