PEOPLE *v.* KIEF.

*(Supreme Court, General Term, Fourth Department.   December 6, 1890.)*

For majority opinion, see 11 N. Y. Supp. 926.

PARKER, J., (*concurring.*) Defendant was jointly indicted with one Carrie C. Howard for the crime of murder in the first degree. The charge is that they jointly administered poison to her husband, Adelbert D. Howard, with the design to effect his death, and that he died from the effects thereof December 17, 1884. The defendants demanded separate trials, and, Carrie C. Howard having been first brought to trial, a verdict of not guilty was rendered in her behalf, and a judgment of acquittal entered thereon. Subsequently, the defendant Kief being brought to trial, a verdict of guilty was rendered against him, and judgment entered thereon, from which he has appealed to this court. After the people rested their case, the defendant offered in evidence the record of the acquittal of Carrie C. Howard, which was excluded by the court, under the people's objection that it was incompetent, ir-

relevant, and immaterial, to which ruling an exception was duly taken by the defendant. For this alleged error, among others, the defendant asked that a new trial be granted. One of the issues on the trial was whether the defendant did himself administer the poison by which the murder.was effected. On such issue it is evident that the question whether Carrie C. Howard was or was not guilty was entirely irrelevant. But another question in the case was whether Kief aided and abetted her in administering the poison to her husband. If she was the only one who administered the poison, and Kief was in fact absent at the time, and ignorant that it was then being done, yet, if he aided and abetted her in such a scheme, he was, under our present law, guilty as a principal equally with her, and the charge that they administered the poison would be sustained as to him. The trial judge charged the jury to that effect, and much evidence was given on the part of the people tending to show that she committed the crime, and he aided and abetted her in doing it. On that issue it was clearly proper for defendant to give in evidence any fact tending to show that Carrie C. Howard did not commit such crime. Such a fact would clearly be relevant and material. The people proved many facts tending to show her guilt. The defendant might prove any fact tending to show her innocent. But the question is whether the record of her acquittal was competent evidence upon the question of her guilt in favor of the defendant and against the people.

Prior to the enactment of section 29 of the Penal Code a person who merely counseled and abetted another in a scheme to commit a crime was not deemed a principal, and could not be convicted under an indictment charging him as such. *People* v. *Katz,* 23 How. Pr. 93. He was not considered guilty of the crime, but merely guilty as an accessory before the fact, and in order to hold him guilty as an accessory it was necessary to prove that the crime which it was claimed he had aided and abetted had in fact been committed by the other party. For such purpose, and as relevant to that question, the record of conviction of the other party was held to be *prima facie* evidence against the accessory. It was not held to be conclusive evidence, because the alleged accessory was not a party to it, but it was conclusive evidence that a conviction had been had, and it was *prima facie* evidence that such conviction was correct, and hence that the party had committed the crime. Neither party was therefore concluded by the record. The people might give additional proof to establish the guilt of the principal, and the accessory might, notwithstanding the conviction, give evidence to show that such crime had not been committed. 3 Greenl. Ev. § 46; *Levy* v. *People,* 80 N. Y. 327; *Jones* v. *People,* 20 Hun, 545. So a judgment of acquittal was *prima facie* evidence in behalf of the accessory, upon the well-known principle that a judgment may not be used as evidence against one in whose favor it might not have been used had the decision been the other way. *People* v. *Buckland,* 13 Wend. 592; *Case* v. *Reeve,* 14 Johns. 82; *Gelston* v. *Hoyt,* 3 Wheat. 316, 317. Although the record of the principal's conviction has not been received as evidence against the accessory without considerable opposition in some courts, it seems to be thoroughly settled in this state that it is *prima facie* evidence against him,.and, inasmuch as such record may be used in favor of the people against one who is not a party to it, there does not seem to be any reason why it should not be used against the people, who are a party to it. Assuming, then, that such is the rule, it would seem that the record of the acquittal of Carrie C. Howard in this case was *prima facie* evidence in favor of this defendant upon the issue last above stated. Such issue is precisely the same as if he had been on trial as accessory before the fact, viz., that he counseled and abetted Carrie C. Howard in administering poison to her husband. If she had been previously convicted, I do not see why, within the rule above stated, the record of her conviction would not have been *prima facie* evidence against him that she had committed the crime, and

it would have been admissible to prove that fact on the question of whether or not he aided and abetted her in so doing. Now, under our Code, such an issue may arise under an indictment charging him or both as principals. Formerly it could not; but, nevertheless, in both cases it is the same issue, to be tried and determined upon similar facts, and controlled by the same rules of evidence. The use of the record was not merely to prove the conviction. It was the guilt of the principal that must be established, and not merely the fact of his conviction. See 80 N. Y. 327. Frequently the parties were tried together, one as principal and one as accessory, and in such cases there was no prior conviction of principal; but the jury were instructed to first decide on the evidence as to the principal's guilt, and, unless he was found guilty, the other was discharged. See 20 Hun, 546. · So, also, the rule was not applicable to the trial of accessories merely. It was a rule of evidence applying to every case where the record became material to such an issue. In the *Buckland Case* a party indicted for compounding a larceny sought to plead the acquittal of the person charged with larceny as a conclusive bar to his conviction. The court held that it was *prima facie* evidence only, and not' conclusive. In *Maybee* v. *Avery*, 18 Johns. 352, the defendant in an action of slander justified the charge that plaintiff stole hens by the record of plaintiff's conviction for such a crime. The court held that it was *prima facie* evidence in defendant's favor, but not conclusive, and in such case Judge SPENCER says that a verdict upon an indictment is an exception to the general rule that a judgment is evidence only between the parties or their privies, upon the same principle that, when the matter in dispute is a question of public right or interest, all persons standing in the same relation as the parties are affected by it. It seems to be the settled law of this state that, on an issue whether the accused aided and abetted another in the commission of a crime, the judgment rendered upon the trial of that other for the crime is *prima facie* evidence as to whether that other person did or did not commit the crime. Such an issue having squarely arisen and gone to the jury in this case, I conclude that the record of Carrie C. Howard's acquittal was competent evidence relevant to that issue, and that it was error to exclude it. I concede that the acquittal of Carrie C. Howard was utterly immaterial on the question of whether defendant Kief, either alone or jointly with her, murdered the deceased by administering poison to him. So, also, I concede that such acquittal is no bar to the conviction of Kief on this indictment. But when it is sought to hold Kief on the ground that, even though he were absent and took no part in administering the poison, he is guilty if he aided and abetted her in such act, an issue is put into the case that makes the question of her guilt a material and important one, and upon such issue the record of her acquittal is *prima facie* evidence in his favor. It appears that the jury were squarely instructed that they might find Kief guilty upon that theory, if the evidence warranted it, and therefore, both by the charge and by the evidence introduced on the part of the people, such issue was put into this case, and, being in, it was error to exclude any competent evidence relevant to such issue. Conviction and judgment reversed, and new trial ordered in the oyer and terminer of Madison county, to which court the proceedings are remitted.