## LINCOLN v. STATE OF INDIANA.

[No. 23,551.   Filed December 22, 1921.]

1. CRIMINAL LAW.—Trial.—Misconduct of Counsel.—Reference by Prosecuting Attorney to Conviction of Coindictees of Defendant.—In a prosecution for conspiracy to commit arson, reference by counsel for the state in the examination of witnesses and in the argument to the jury to the fact that coindictees of defendant had been convicted, was improper, and when counsel first made reference to such fact they should have been so admonished as to have deterred them from repeating the offense. p. 429.

2. CRIMINAL LAW.—Trial.—Examination of Witnesses.—Argument to Jury.—Discretion of Court.—The examination of witnesses and arguments of counsel are subject to the control of the trial court, in the exercise of a sound discretion, and not every improper act or statement permitted by the court will

require that the submission be set aside and the jury discharged, or that the judgment be reversed on appeal, though flagrant offenses, often repeated, with an apparent intent to prejudice the defendant before the jury, may require such action. p. 430.

3. CRIMINAL LAW.—*Appeal.—Review.—Refusal of Instructions to Disregard Improper Statements of Counsel.*—In a prosecution for criminal conspiracy, where counsel for the state repeatedly, in the examination of witnesses and in argument to the jury, referred to the conviction of defendant's coindictees, and in each case objection was made and a motion offered to set aside submission, it was reversible error to refuse instructions that such improper statements should not be considered or defendant prejudiced thereby. p. 430.

From Randolph Circuit Court; *E. E. McGriff*, Special Judge.

Prosecution by the State of Indiana against Calvin Lincoln. From a judgment of conviction, the defendant appeals. *Reversed.*

*Bales & Macy,* for appellant.

*Ele Stansbury,* Attorney-General, and *Remster A. Bingham,* for the state.

EWBANK, C. J.—The appellant was convicted on a charge of conspiracy to commit the crime of arson by burning a store building in the town of Ridgeville, Indiana. He was indicted with three other persons, but was tried separately. The persons indicted with him were Enoch L. Pierson, Elisha Roberts and Frederick Drake.

The only error relied on is overruling appellant's motion for a new trial. A bill of exceptions recites that in the opening statement to the jury counsel for the state asserted "that two of these codefendants have been heretofore convicted in this court;" that in the examination of a witness he asked whether or not the witness instituted a certain suit "before or since the conviction of two or three of these defendants," or "before or after he learned that two of these defendants were guilty of

burning this store;" that he asked another witness if the man he saw coming out of the burning building was "the same man who was convicted in this court;" and asked another witness if a designated codefendant of appellant was "the same who was sentenced to prison for two to fourteen years as the result of the verdict rendered in his trial of the same case;" and asked another witness if she was the witness of that name "that testified in the case of *State* v. *Enoch L. Pierson*, who was convicted in this court last November;" and asked another witness if Elisha Roberts was "the same man who was convicted in this court by a jury;" that counsel for the state not only asked Roberts, on cross-examination, if he had been convicted of a felony, but also asked him if he was the same man who was "found guilty by the jury on the 29th day of March, 1918, as one of the codefendants in this case," and "was sentenced in this court on the first day of this month·from two to fourteen years as the result of this verdict;" that after defendant's evidence had closed without the examination of Pierson, counsel for the state called him to the witness stand, and except for asking his name and residence, put to him only the question whether he was "one of the co-defendants here who was on the third day of December, 1917, convicted of the crime of conspiracy to commit a felony as one of the defendants;" that in the closing argument counsel for the state, referring to the codefendant Roberts, and his answer on cross-examination that he had been convicted, said: "Roberts came on the witness stand and told you he had been convicted. I guess that is evidence." And referring to the answer of a witness that he knew Frederick Drake "for about a year before he committed suicide," counsel for the state said: "What became of Frederick Drake? Frederick Drake's suicide is shown here. Dr. Shank told you what became of him and

when it happened * * * Why did Frederick Drake take that course of action if he was an innocent man." The contention of the state was that appellant was in Ridgeville with his codefendant Roberts on the night of the fire. In closing the argument counsel for the state, referring to the trial in which Roberts had been convicted, said: "Who said Calvin Lincoln was there? * * * (a certain named witness) * * * and the jury that tried the former case said he was there."

As each of these statements was made the appellant objected, and each time moved to set aside the submission and discharge the jury. Several times the court "sustained the objection," and two or three times told the jury not to consider the matters then referred to, but he did not admonish counsel, who persisted in an apparent effort to impress the jury with the idea that appellant's codefendants were guilty, and therefore that he must also be guilty.

Such statements were improper. The fact that others indicted for the same offense had been found guilty was not evidence against the appellant,

1.  who was being tried separately, and should not have been considered by the jury, and when they began making such statements counsel should have been so checked and admonished as that they would be deterred from repeating the offense. 16 C. J. 670, §1341; *State* v. *Dunn* (1902), 116 Iowa 219, 89 N. W. 984; *Gray* v. *State* (1913), 13 Ga. App. 374, 79 S. E. 223; *People* v. *Kief* (1891), 126 N. Y. 661, 27 N. E. 556, affirming 11 N. Y. Supp. 926, 12 N. Y. Supp. 896, 58 Hun 337; *State* v. *Bowker* (1894), 26 Ore. 309, 38 Pac. 124.

Obviously the appellant might be innocent even though others accused with him were guilty, and those others might have been erroneously convicted. In this instance the conviction of Pierson, repeatedly referred

to by counsel, was afterward reversed on appeal. See *Pierson* v. *State* (1919), 188 Ind. 239, 245, 246, 123 N. E. 118.

But the examination of witnesses and arguments of counsel are subject to the control of the court, in the exercise of a sound discretion, and not every improper act or statement permitted by the court will require that the submission be set aside and the jury discharged, or that the judgment be reversed on appeal. Though flagrant offenses, often repeated, with an apparent intent to prejudice the defendant before the jury, may require such action.

Appellant duly tendered and requested the court to give certain instructions, to the effect that any statements made by any person that either of appellant's codefendants, Elisha Roberts or Enoch L. Pierson, had been convicted of the same charge on which appellant was being tried, were wholly improper, and should not be considered nor the appellant prejudiced thereby. The court refused to give each of these instructions, and did not give any instruction to that effect.

Appellant excepted to such refusal and has properly presented it for review on appeal.

Without deciding whether or not the prejudicial effect of such improper statements of counsel, so long persisted in and so often repeated, could be neutralized by instructions that they must be disregarded, we hold that the court should not have refused to attempt to cure the error when these instructions were tendered, and that refusing to give them under the circumstances was error.

As the case must be tried again we do not feel justified in passing upon the sufficiency of the evidence to sustain the verdict.

The other questions discussed by counsel for the ap-

pellant, so far as they are material, were decided by the opinion in *Roberts* v. *State* (1919), 188 Ind. 713, 124 N. E. 750.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.

Myers, J., absent.