MAURICE FORTSON *v.* STATE OF INDIANA.

[No. 1277S803. Filed August 9, 1978. Rehearing denied October 16, 1978.]

*William G. Smock,* of Terre Haute, for appellant.

*Theodore L. Sendak,* Attorney General, *Alembert W. Brayton,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Fortson and two others were charged by information with the shooting death of Ralph Benjamin in Terre Haute. After the trial court granted a motion for a separate trial, appellant was tried to a jury in Vigo Circuit Court. On April 2, 1977, appellant was convicted of first-degree murder and sentenced to life imprisonment. The evidence against the appellant consisted primarily of an accomplice's testimony. The accomplice, Eddie Lewis, named appellant as his partner in the crime and testified in detail as to the murder in question.

Fortson argues five errors in the proceedings of his trial below: (1) that he was denied his right to a speedy trial; (2) that the court erred in permitting the prosecutor to ask a witness the outcome of the trial of one of appellant's confederates; (3) that it was error not to allow the defense to introduce evidence tending to implicate other individuals; (4) that during final argument the prosecutor improperly implied to the jury that the appellant did not take the witness stand, and; (5) that during final argument the prosecutor discussed the sentences for first and second degree murder.

## I.

Set forth chronologically, the relevant facts surrounding appellant's Motion for Early Trial are as follows:

| | |
|---|---|
| September 22, 1976 | Appellant, his brother, Stanford Fortson, and Eddie Lewis were charged with first-degree murder. Appellant filed his Motion for Early Trial. |
| October 16, 1976 | Eddie Lewis escaped from the Vigo County Jail. |

| | |
|---|---|
| October 20, 1976 | Appellant filed his Motion for Severance. |
| November 4, 1976 | The trial court continued appellant's Motion for Severance under advisement; trial set for November 29, 1976. |
| November 5, 1976 | Appellant filed his Motion for Change of Judge. |
| November 8, 1976 | The Honorable Robert Howard Brown, Special Judge, selected and qualified. |
| November 15, 1976 | Appellant's Motion for Severance denied. |
| November 19, 1976 | State filed its Motion for Continuance based, *inter alia*, on congestion of the trial court's calendar. |
| November 23, 1976 | State's Motion for Continuance granted and cause continued to January 3, 1977. |
| December 28, 1976 | Appellant and state joined in Motion for Severance which motion was granted; State elected to try Stanford Fortson first and moved to continue appellant's case to a later date. |
| December 29, 1976 | Appellant's trial set for January 13, 1977. |
| January 11, 1977 | Appellant was released on his own recognizance; the trial court granted a 90 day extension pursuant to Ind. R. Crim. P. 4(D) due to the absence of Eddie Lewis; Appellant's cause set for trial on April 4, 1977. |
| January 12, 1977 | Eddie Lewis was recaptured in Gary. |
| March 30, 1977 | Appellant's trial began. |

While incarcerated on September 22, 1976, appellant filed his Motion for Early Trial, pursuant to Ind. R. Crim. P. 4(B) which reads:

"(B) (1) *Defendant in jail—Motion for early trial.* If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of

the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule."

In his application for discharge, appellant contended that the time limitations of this rule were violated for the following reasons: (1) there were no delays in the proceedings which were chargeable to appellant; (2) the continuances granted to the state on November 23, 1976, and January 11, 1977, were improperly ordered, and; (3) the release of appellant on his own recognizance did not deactivate the operation of Rule 4(B). A careful review of the record in this case shows that appellant's contentions are without merit.

On November 19, 1976, the state filed a timely motion for continuance which alleged congestion of the court's calendar. The trial court granted the motion and continued the case to January 3, 1977. Congestion of a trial court's calendar is a legitimate basis for extending the time periods of Rule 4. *Harris* v. *State*, (1971) 256 Ind. 464, 269 N.E.2d 537; Ind. R. Crim. P. 4(B)(1), *supra*. Thus, it was not error to grant this continuance.

On December 28, 1976, and before the trial date of January 3, 1977, the appellant joined the state in a motion to sever his trial from that of his brother, Stanford Fortson. Upon severance, the state elected to try Stanford Fortson on the January 3 setting and appellant's case was continued to January 13 subject to the completion of the first trial. The appellant objected to the new trial date but not to the severance. The ten day delay from January 3 to January 13 was a direct result of the joint motion for severance and as such, is charged to appellant. *State* v. *Hawley*, (1971) 256 Ind. 244, 268 N.E.2d 80. The seventy day period of Rule 4(B) was thus extended ten days. Ind. R. Crim. P. 4(F).

Appellant next argues that the continuance granted on January 11, 1977 was improper. The record shows that on

that date appellant was released on his own recognizance from the murder charge and was remanded to the custody of the sheriff in connection with a related juvenile offense and two attempted jail escape charges. Appellant's trial was then continued to April 4, 1977, due to the fact that Eddie Lewis, an essential state's witness, had not yet been recaptured following his escape from the Vigo County Jail on October 16, 1976. Appellant contends that this continuance should not have been granted since the affidavit requirements of Ind. R. Tr. P. 53.4 were not followed, nor was Lewis' name stated upon the charging information as required by Ind. Code § 35-3.1-1-2(c) (Burns 1975).

The absence of an essential witness through no fault of the state has been held by this court to be good cause for extending the time period requirement for a speedy trial. *Gross* v. *State,* (1972) 258 Ind. 46, 278 N.E.2d 583. This continuance was granted in accordance with Ind. R. Crim. P. 4(D) which states:

"(D) *Discharge for delay in trial—When may be refused—Extensions of time.* If when application is made for discharge of a defendant under this rule, the court be satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety (90) days, he shall then be discharged."

Appellant's reliance upon Trial Rule 53.4 is unfounded. The Indiana rules of trial procedure apply in criminal cases only insofar as they do not conflict with specific rules of criminal procedure. Ind. R. Crim. P. 21. Since the continuance arose in the context of appellant's application for discharge under the speedy trial rules, the provisions of Criminal Rule 4(D) must control. This rule only requires that the trial court be satisfied that the state has made reasonable efforts to procure missing evidence and that there is just cause to believe that

such evidence can be had within ninety days. The trial judge expressed such satisfaction when he stated in his findings of fact and law following denial of appellant's application for discharge:

"As to specification forty-three (43), the Court finds that the State of Indiana was not negligent, reckless, unlawful, nor was it without due regard to its duty to bring the defendant Maurice Fortson to trial promptly, speedily, and without delay . . . that when the State of Indiana filed its Motion for Continuance on January 11, 1977, the Chief Deputy Prosecutor was aware that the Terre Haute, Indiana Police Dept. would, within the succeeding few days, send officers to Gary Indiana in an attempt to locate and apprehend the said Eddie Lewis. . . ."

Thus, the requirements of Criminal Rule 4(D) were satisfied.

Appellant's reliance upon Ind. Code § 35-3.1-1-2(c) is also without merit. Fortson asserts that this statute prohibited the trial court from granting a continuance because the name of Eddie Lewis did not appear on the information as a state's witness. In fact, the name Eddie Lewis appeared on the face of the information twice as a co-defendant. Moreover, the record discloses that appellant's attorney was informed on at least one occasion of the possibility that Lewis might testify against appellant in exchange for a plea agreement. Thus, appellant was well aware of Lewis' identity and status as a potential state's witness and cannot reasonably claim to have been prejudiced by the state's failure, if any, to list Lewis as a witness on the information.

In summary, the seventy day period began to run when appellant filed his Criminal Rule 4(B) motion on September 22, 1976. That period was tolled on November 23 when the state received a legitimate continuance due to court congestion. The period was extended by ten days due to the delay caused by the severance motion. Finally, the appellant was brought to trial before the expiration of the ninety day extension which the trial court had properly granted pursuant

to Criminal Rule 4(D). We therefore hold that appellant was not denied his right to a speedy trial since the seventy day period of Criminal Rule 4(B) was not exceeded. We also dismiss, as moot, appellant's contention that his release on recognizance did not deactivate the operation of Criminal Rule 4(B).

In a related argument, appellant claims he is entitled to a discharge under the speedy trial provisions of Article I, § 12 of the Indiana Constitution and the Sixth Amendment of the United States Constitution. A determination of whether the constitutional right to a speedy trial has been violated requires a balancing of four factors: length of the delay, reasons for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker* v. *Wingo,* (1972) 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 117; *Harris* v. *State,* (1974) 262 Ind. 208, 214, 314 N.E.2d 45, 49. Although the appellant made repeated assertions of his right to a speedy trial, he has failed to demonstrate in what manner he was denied an opportunity to prepare and present his defense. Also, the length of delay in this case was relatively brief with much of it being attributable to the motions and acts of appellant. Accordingly, we hold that appellant was not denied his statutory or constitutional right to a speedy trial.

## II.

The appellant next argues for reversal based on an alleged error by the trial court in allowing the state to elicit from a witness testimony regarding the outcome of the trial of appellant's confederate. Before trial, appellant was granted a Motion in Limine ordering the state to refrain from any mention of the conviction of appellant's brother, Stanford Fortson. At trial, the state called Leon Cornes as a witness for the sole purpose of identifying various items of clothing. In an apparent attempt to impeach Mr. Cornes' testimony, defense counsel asked the witness if he had ever before

testified in a courtroom. In response to this question, the witness answered, over the state's objection, that he had previously testified at the trial of Standford Fortson. The state, on re-direct examination, asked Mr. Cornes if he could recall the result of the Stanford Fortson case. At this point appellant moved for a mistrial. The motion for mistrial was denied and the witness was allowed to answer that he supposed that Standford Fortson was found guilty. Thereafter, the appellant further questioned the witness, on re-cross examination, concerning the extent of his testimony in the Stanford Fortson trial. Appellant then renewed his motion for mistrial.

The decision to grant or deny a motion for mistrial lies within the sound discretion of the trial court, and is reviewable solely on the question of abuse thereof. *Bradberry* v. *State*, (1977) 266 Ind. 530, 364 N.E.2d 1183, 1187. The trial judge ruled that the state's question was proper re-direct examination after the appellant had opened the subject of Stanford Fortson's trial on cross examination. We agree. A defendant may not be allowed to open an issue and have it closed at his convenience.

Appellant relies upon the case of *Lincoln* v. *State*, (1921) 191 Ind. 426, 133 N.E. 351, wherein this case held that it was improper for a prosecuting attorney to constantly remind the jury that a co-defendant had been convicted in a separate trial. *Lincoln* involved a pattern of prosecutorial remarks which recurred throughout the trial and which the court characterized as "flagrant offenses, often repeated, with an apparent intent to prejudice the defendant before the jury." *Id.*, 191 Ind. at 430, 133 N.E. at 352. This is not the situation in the present case. The question by the state, to which the appellant now objects, was proper re-direct examination and comment concerning an issue first raised by appellant. The trial court did not abuse its discretion in denying appellant's motion for mistrial.

## III.

Appellant next contends that the trial court erred in not allowing him to introduce evidence concerning an alternative theory as to whom may have participated in the killing of Ralph Benjamin. The defense attempted to show that the state's key witness, Eddie Lewis, had committed prior unlawful acts with two other individuals and that Lewis had been seen at various times before and after the killing with these individuals in Gary, Indiana. The trial judge excluded these matters as being irrelevant to the issues in the appellant's trial.

A defendant may, of course, establish his innocence by showing that some other person or persons committed the crime charged, instead of himself. *Stout* v. *State*, (1910) 174 Ind. 395, 92 N.E. 161. But the mere possibility that some third person did the act is not enough. Evidence tending to incriminate another must be competent and confined to substantive facts which create more than a mere suspicion that such other person committed the particular offense in question. *State* v. *Renteria*, (1974) 21 Ariz. App. 403, 520 P.2d 316; *People* v. *Arline*, (1970) 13 Cal. App. 3d 200, 91 Cal. Rptr. 520; *State v. Larsen*, (1966) 91 Idaho 42, 415 P.2d 685; *State* v. *Stump*, (1963) 254 Iowa 1181, 119 N.W.2d 210; *State* v. *Umfrees*, (Mo. 1968) 433 S.W.2d 284.

Here the appellant attempted to introduce evidence intending to show that two of Eddie Lewis' friends may have committed the crime on the basis of their previous joint criminal activity. If these individuals were defendants in the present case, evidence of their prior criminal acts would not be competent to prove their guilt for the crime involved herein. *Woods* v. *State*, (1968) 250 Ind. 132, 235 N.E.2d 479. We do not feel that this evidence has greater probative value under the present circumstances. Thus, the evidence offered by appellant was neither competent, nor did it do more than

cast suspicion upon others. The evidence was properly excluded by the trial court.

## IV.

The appellant next argues that his conviction must be reversed due to a comment made by the prosecutor which Fortson claims was an improper reference to his failure to testify. During final argument, the defense attorney stated:

"Certainly there is no scientific evidence whatsoever in this case that corroborates Eddie Lewis' testimony."

After this remark, the prosecutor told the jury during the state's closing argument:

"Lastly, and most importantly, and something conveniently not mentioned to you people who are going to have to decide this case, by Mr. Smock, is the fact that nowhere in this case has there been any evidence introduced that conflicts with what Eddie Lewis told you."

The appellant immediately moved for a mistrial which motion was denied.

It is clear that any direct or indirect reference to the defendant's failure to testify is an impingement of his constitutional and statutory rights not to testify. *Griffin* v. *California*, (1965) 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106; Ind. Code § 35-1-31-1 (Burns 1975). The appellant cites this court's opinion in *Rowley* v. *State*, (1972) 259 Ind. 209, 285 N.E.2d 646, in support of his position that the prosecutor's remark was improper. In *Rowley* we held that where the defendant is the only person in a position to contradict the evidence against him, then any prosecutorial remarks directed toward the fact that the evidence is uncontradicted is violative of defendant's rights. However, where the defendant puts on evidence in his defense, it is proper for the prosecutor to comment on the fact that the defendant's evidence does not contradict the state's case. *Ross* v. *State*, (1978) 268 Ind. 471, 376 N.E.2d 1117.

In the present case, it would appear that the remark in

question was made in response to the defendant's attack upon the credibility of the state's key witness, Eddie Lewis. Also, the appellant had called two witnesses in his case-in-chief. Thus, the prosecutor's remark related to the failure of the appellant's evidence to contradict Lewis' testimony and was neither a direct nor indirect reference to Fortson's failure to testify. There is no error presented here.

## V.

Finally, the appellant contends that the trial court should have declared a mistrial based on the following remark by the prosecutor during final argument:

> "I would be surprised if it did not occur in each of your minds as you decide, say between first or maybe second degree murder, this might mean a few—fewer years in prison for poor Maurice, to have —"

The trial court instructed the jury to disregard the remark and denied the motion for mistrial.

Appellant argues that the above remark necessitated the granting of his motion for mistrial because it improperly placed before the jury the issue of what the appellant's penalty would be if convicted. As authority, appellant cites this court's decisions in *Rowe* v. *State*, (1968) 250 Ind. 547, 237 N.E.2d 576, and *Feggins* v. *State*, (1977) 265 Ind. 674, 359 N.E.2d 517. We find these authorities inapposite. *Rowe* and *Feggins* involved prosecutorial remarks concerning the prospect of a defendant's early release through extra-judicial mechanisms such as parole and good-time credits. In *Feggins* we stated, 359 N.E.2d at 523-24:

> "The danger to be avoided in such a case is that the jury, informed of the possibility of factors which could diminish the defendant's sentence, will convict the defendant of a more serious offense than that which they actually believe him to be guilty of, in order to provide a penalty which they consider more appropriate. . . . We hold that it is error for the court to instruct and improper for the prosecutor to argue that a convicted defendant will serve a lesser sentence than that to which the jury sentences him."

In this case, we fail to see how the prosecutor's aborted remark could qualify as "the danger to be avoided" by our holdings in *Rowe* and *Feggins*. In any event, the error, if any, was cured by the trial court's prompt admonishment. *Lynch* v. *State*, (1974) 262 Ind. 360, 316 N.E.2d 372.

The judgment of the trial court is affirmed.

All Justices concur.

NOTE.—Reported at 379 N.E.2d 147.