Billy Wayne YELL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–291.

Court of Criminal Appeals of Oklahoma.

Jan. 3, 1985.

Rehearing Denied Feb. 22, 1985.

---

Rex D. Brooks, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, Vincent G. Logan, Legal Intern, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

The appellant, Billy Wayne Yell, was convicted in the District Court of Canadian County, Case No. CRF–79–340, of Burglary in the Second Degree, sentenced to two (2) years in prison, ordered to pay restitution, and appeals.

On the morning of November 2, 1979, two men were seen breaking into a mobile home located just north of Union City. The trailer's owner, Mike Garrett, was notified, and he arrived at the scene with a neighbor, Leon Sweeney, shortly thereafter. They proceeded to follow the burglars' vehicle, a station wagon, down Highway 81 and onto Interstate 40. Upon entering the expressway, they obtained the vehicle's tag number, and then pulled up alongside the station wagon and observed the driver for several minutes before the burglars eluded them. Based on their description and the license number, an arrest warrant naming the appellant was issued. Said warrant was not executed, however, until March of 1982.

The appellant, testifying on his own behalf, denied that he committed the burglary. He stated that he believed he was working on the day in question, but that he could not remember by whom he was employed.

In his first assignment of error, the appellant argues that because the opportunity of the witnesses to observe the burglars was brief, their identification of

An Appeal from the District Court of Canadian County; Stanley Payne Pierce, District Judge.

him as the crime's perpetrator two and one-half years after the offense was committed is insufficient to support the verdict. We disagree. It is within the exclusive province of the jury to determine the weight and credibility to be given to the testimony of a witness, and to resolve any conflicts in the evidence. Such a determination will not be disturbed on appeal. See, *Renfro v. State*, 607 P.2d 703 (Okl.Cr. 1980), and cases cited therein. This assignment of error is without merit.

▇ The appellant claims next that the trial court erred in excluding his photographic evidence. This evidence consisted of seven photographs taken of the appellant over a time span consisting of six months prior to the burglary to six months afterwards, and was offered to impeach the eyewitness identification of him. The trial court ruled that only the photograph taken closest in time to the burglary was relevant, and excluded the other pictures. In that we, too, fail to see how the excluded photographs made the identification of the appellant more or less probable, 12 O.S. 1981, § 2401, we hold that the trial court did not err.

In his third assignment of error, the appellant contends that the trial court erred in refusing to grant a new trial on the grounds of newly discovered evidence. This evidence sought to establish that the appellant was employed as a casual laborer on the day of the burglary. The trial court overruled the motion on the grounds that counsel did not exercise reasonable diligence in discovering the evidence, and that the evidence was cumulative.

▇ The rule in Oklahoma has long been that the defendant has the burden of establishing that the newly discovered evidence could not have been procured before trial by the exercise of due diligence of counsel. 22 O.S.1981, § 952.7; *High v. State*, 401 P.2d 189 (Okl.Cr.1965), and cases cited therein. In that the record reveals that the evidence was discovered solely through the efforts of the appellant's mother rather than by counsel, we cannot say that due diligence was exercised. *High*,

supra. This assignment of error is without merit.

▇ In his final assignment of error, the appellant asserts that the trial court was without authority to order him to pay restitution to the burglary's victim and then sentence him to confinement in prison. We need only note here that 22 O.S.1981, § 991a, ¶ B, provides in pertinent part:

In sentencing a person convicted of a crime, the court shall first consider a restitution program for the victim *as well as imposition of a fine or incarceration of the offender.* (Emphasis added).

This assignment of error is without merit.

Accordingly, the judgment and sentence appealed from is AFFIRMED.

PARKS, J., concurs.

BRETT, J., dissents.

BRETT, Judge, dissenting:

I respectfully dissent. In my opinion, the trial court abused its discretion in overruling appellant's motion for new trial on newly discovered evidence.

The facts at trial revealed appellant was identified as one of two men who burglarized a home in Union City in November, 1979. Appellant also was linked to the crime through the license number on a vehicle used in the burglary. The trial in this matter occurred over two years later.

Appellant testified he did not commit the burglary. Although he could not remember his exact whereabouts on the day in question, appellant *thought* he was in Sayre working with a seismograph crew. The car allegedly involved in the burglary had been abandoned in Oklahoma City a few days earlier, he said.

After the trial, appellant's mother continued her investigation of the case. She discovered Gordon Click, who produced records proving categorically that appellant was working for him in Sayre, Oklahoma on the day of the burglary.

In order to prevail on a motion for new trial on newly discovered evidence, the appellant has the burden of proving the new evidence is "material to the defendant, and ... could not with reasonable diligence have [been] discovered before trial." 22 O.S.1981, § 952.

There is little doubt that this new evidence is highly probative; it was documentation that appellant was eighty miles away on the day of the burglary. And, I believe the appellant acted with due diligence in procuring this evidence. He testified at a hearing on his motion for new trial that he had contacted every person he could remember working for during the period in question. He forgot about Mr. Click, since he had worked there only a couple of days.

Because of the high probative value of the evidence, I would find that the trial court abused its discretion in overruling the motion for new trial. Therefore, I respectfully dissent.