**James Allen WILLARD, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–790.**

Court of Criminal Appeals of Oklahoma.

Oct. 23, 1987.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, James Allen Willard, was tried by jury in Tulsa County District Court, Case No. CRF–85–1080, and convicted of Second Degree Burglary, After Former Conviction of A Felony, in violation of 21 O.S.1981, § 1435, before the Honorable Joe Jennings, District Judge. The jury returned a verdict of guilty and set punishment at ten (10) years imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

For his sole assignment of error, appellant claims that the trial court erred as a matter of law in refusing to sustain his motion for a directed verdict. Due process requires a reviewing court to examine the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime charged beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Spuehler v. State,* 709 P.2d 202, 203–204 (Okl.Cr.1985). In doing so, this Court must accept all reasonable inferences and credibility choices that tend to support the trier of fact's verdict. *See Washington v. State,* 729 P.2d 509, 510 (Okl.Cr.1986).

Elements of the crime of second degree burglary are (1) breaking; (2) entering; (3) a building; (4) of another; (5) in which property is kept; (6) with intent to steal. 21 O.S.1981, § 1435. Most of the evidence is undisputed. The victims, Mr. and Mrs. Dale Cantrell, left their Tulsa home for a weekend outing on October 19, 1984. They returned on October 21 to discover that their house had been burglarized. Items taken were a camera, a bottle of pills, and a radio. Matthew McGrew, a neighbor, testified that he saw appellant and three other males in the neighborhood around the time of the burglary on October 21. McGrew's mother, Marilyn Barnett, testified that she was staring out her apartment window on the afternoon of October 21, when she noticed that the door of the Cantrell home was open, and two people behind a bush in the yard. She telephoned the Cantrell home, but no one answered. She saw the two men who had been outside the house enter, then all four exit the house. She identified appellant as one of the four who walked out of the house. While observing this, she telephoned the police, who arrived within minutes. The police took the four men in custody, and the four were in possession of the items stolen from the house.

Appellant admitted being in the neighborhood at the time, and admitted that his companions had committed a burglary; however, he denied taking part in it. He also denied going into the Cantrell home. From this it is obvious that the only conflicting testimony was whether the appellant participated in the burglary, and whether he entered the house. This Court has said that it is up to the jury to weigh the evidence and the credibility of the witnesses to resolve any conflict in the evidence. This Court will not disturb that determination on appeal. *Yell v. State,* 694 P.2d 946, 948 (Okl.Cr.1985). When there is evidence from which the jury can conclude that the defendant is guilty as charged, this Court will not disturb that determination even though there are sharp conflicts in the evidence. *Liles v. State,* 702 P.2d 1022, 1025 (Okl.Cr.1985). Where reasonable and logical inferences and deductions from the evidence would enable a jury to convict a defendant beyond a reasonable doubt, this Court will not disturb that finding on the basis of insufficiency of the evidence. *Wood v. State,* 557 P.2d 436, 440 (Okl.Cr.1976). Based on the record evidence cited above, we feel that a prima facie case was presented to the jury and that the evidence supported the verdict. The members of the jury were faced with the option of believing appellant or Mrs. Barnett. They chose to believe Mrs. Barnett.

Accordingly, on the basis of the foregoing, the judgment and sentence is hereby AFFIRMED.

BRETT, P.J. and BUSSEY, J., concur.