Nancy L. EWING and Timothy L. Kline, Appellants (Defendants Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 25S03–9403–CR–235.

Supreme Court of Indiana.

March 10, 1994.

Kelly Leeman, Logansport, for appellants.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

On Petition to Transfer

DICKSON, Justice.

Appellants–Defendants Nancy L. Ewing and Timothy L. Kline were convicted of two

class C felonies, dealing in marijuana by possessing with intent to deliver marijuana in excess of ten pounds and knowingly manufacturing marijuana in excess of ten pounds, and one class D felony, maintaining a common nuisance. The Court of Appeals affirmed. *Ewing v. State* (1993), Ind.App., 613 N.E.2d 53. We grant transfer solely to address the issue of whether the defendants were timely brought to trial under Indiana Rules of Criminal Procedure 4(C) and 4(D).

The relevant facts are undisputed. The defendants were arrested on February 18, 1991, and charges were filed against them on February 25, 1991. The trial court set a February 19, 1992, trial date for Ewing and a January 28, 1992, trial date for Kline. Following the defendants' requests for a joint trial and waiver of jury trial, and the State agreement, a single bench trial was scheduled for February 19, 1992.

On February 14, 1992, the State provided notice that it would seek a continuance due to the unavailability of a State witness. Then on the scheduled trial date, February 19, 1992, the State orally moved for a continuance. Defense counsel opposed the continuance motion, arguing that the State failed to establish that its witnesses had been subpoenaed or listed as witnesses. The defendants also objected that because charges against them had been pending since February 19, 1991, the rescheduling of the trial to a date after February 19, 1992, would be a violation of their rights under Ind.Crim.Rule 4(C). The trial court nevertheless granted the motion for continuance and rescheduled trial for April 23, 1992. Prior to the commencement of said trial, the defendants filed a motion for dismissal and for discharge pursuant to Crim.R. 4(C). The trial court denied the dismissal motion, proceeded with a one-day bench trial, and subsequently entered a guilty verdict against both defendants.

■ The defendants contend on appeal that the continuation of the trial date to April 23, 1992, impermissibly violated the one-year provision of Crim.R. 4(C) and therefore entitled them to discharge. Crim.R. 4(C) provides in relevant part:

No person shall be held on recognizance or otherwise to answer a criminal charge

for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar. . . . Any defendant so held shall, on motion, be discharged.

The State argues that, Crim.R. 4(C) notwithstanding, Ind.Crim.Rule 4(D) provides for a 90–day extension of the otherwise applicable one-year time limitation when, upon application for discharge of a defendant, the court is satisfied that the State's evidence is temporarily unavailable but can be had within 90 days. Attempting to utilize this provision, the State asserts that because it based its request for a continuance upon the temporary absence of a witness, and the trial court rescheduled the trial date within 90 days of the continuance motion, the defendants were timely brought to trial. Crim.R. 4(D) states:

If when application is made for discharge of a defendant under this rule, the court be satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety (90) days, he shall then be discharged.

■ In order for a defendant's application for discharge to be properly refused under Crim.R. 4(D), it is required that the trial court be satisfied that the State has made reasonable efforts to procure missing evidence and that there is just cause to believe that such evidence can be had within 90 days. *Fortson v. State* (1978), 269 Ind. 161, 167–68, 379 N.E.2d 147, 152. Such satisfaction may be met by a stated finding of fact and law by the trial judge following denial of the application for discharge. *See, e.g., id.* We will also presume that refusal of an appli-

cation for discharge has been proper, even in the absence of a finding of fact and law, if a factual basis for such a determination exists in the record.

In the present case, the trial judge issued no findings of fact and law with respect to denial of the defendants' motion for dismissal. Moreover, our examination of the record reveals no factual basis to support the denial. There is neither evidence of reasonable efforts by the State to procure the unavailable witness nor any basis for just cause to believe that the witness could be produced within 90 days.

Therefore, because the State failed to bring the defendants to trial within one year under the provisions of Crim.R. 4(C) or to otherwise qualify for a time extension under Crim.R. 4(D), the defendants are entitled to the relief of discharge which they seek under Crim.R. 4(C).

The judgment is reversed. This cause is remanded to the trial court with instructions to grant the defendants' motion for discharge.

SHEPARD, C.J., and DeBRULER, and SULLIVAN, JJ., concur.

GIVAN, J., dissents in separate opinion.

GIVAN, Justice, dissenting

I respectfully dissent from the majority opinion in this case. In the Court of Appeals opinion, reported at 613 N.E.2d 53, the Court of Appeals correctly disposed of the issue upon which this Court reverses. The authority cited at page 57 of their opinion is correct and follows established principles of the application of Ind.Crim.Rule 4. I see no justification for the change in the law as established by the majority opinion.

The petition to transfer should be denied.