Gilberto Hernandez **MARTINEZ**,
Appellant,

v.

**STATE of Oklahoma, Appellee.**

No. F–88–241.

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1995.

Clyde Amyx, Frederick, Defense Counsel at trial.

Steven S. Suttle, District Attorney, David Thomas, Assistant District Attorney, Altus, and Carl Anderson, Assistant District Attorney, Frederick, Prosecutors at trial.

Anne M. Moore, Asst. Appellate Public Defender, Norman, for appellant on appeal.

Susan Brimer Loving, Attorney General of Oklahoma and Dan Connally, Assistant Attorney General, Oklahoma City, for the State on appeal.

### OPINION

LANE, Judge:

This felony-murder case arises out of an arson fire which destroyed the home of Mary Castillo, and killed two of her five children in Frederick, Oklahoma, on June 6, 1987. Appellant, Gilberto Hernandez Martinez, was convicted of two counts of Murder in the First Degree in Tillman County District Court, Case No. CRF–87–48. The jury recommended a sentence of death on each count which the trial court imposed. Two errors require reversal of judgment and sentence and remand to the district court for retrial.

The defendant's Sixth Amendment right to confront eye-witness David Castillo was violated when the trial court granted the State's motion in limine which barred cross-examination regarding bias; and the jury was not instructed on the available sentencing option of life without the possibility of parole. We address only those issues requiring reversal.

While Mary Castillo was out with friends and her children were home alone, someone set fire to her house. Her three boys, David, Louis and Angel, escaped. Her daughters, Margaret and Reynalda, died from carbon monoxide poisoning. The only contested issue at trial was who set the fire. Uncontroverted evidence established gasoline was poured along the baseboards of the living room, in two of the three bedrooms used by the children, and on the front door jamb. The two younger boys, Louis and Angel, shared a room, as did the two girls. Gasoline was poured in a pool in the middle of the boys' room, and around Reynalda's mattress. David had a room of his own and no gasoline was used there.

Gilberto Hernando Martinez is Mary Castillo's boyfriend, and Margaret's father. The State believed Martinez set the fire in revenge for Ms. Castillo dancing with another man at the Paso Del Norte bar earlier that evening. Martinez started a scuffle with her at the bar and knocked off her cowboy hat. As he left, he said in Spanish, "tu vas a pager", which was translated in the record as, "you are going to pay". No witness knew to whom this statement was directed.

Two teenagers saw the appellant in the vicinity of the Castillo home around 1:00 and 1:30 a.m. One saw him carrying something under his arm. The house was engulfed by flame at 4:00 a.m. when a neighbor called the fire department.

Eleven year old David Castillo, the only eye-witness,[1] testified he was awakened by smoke, got up, and went into the kitchen. He was fully dressed. While hiding in the kitchen he saw the appellant pour gasoline out of a yellow container onto existing flames in the living room, and then go into the girls' room. David testified that as Martinez left the house he poured gasoline at the front door and set the gas on fire. David was able to wake up his brothers and save them, but by the time he got to his sisters' room, the intensity of the fire forced him back. He testified that when he got out of the house he saw the appellant running away.

David Castillo had a history of setting fires when his mother left him alone in charge of his younger brothers and sisters. He had set three fires in homes the family had rented. Two of these resulted in evictions of the family. He had also set fire to a garage and a car. The State filed a motion in limine to keep this evidence from the jury. The trial court sustained the State's motion.

## I. ISSUES RELATING TO GUILT AND INNOCENCE

## A. SUFFICIENCY OF THE EVIDENCE

In his first proposition of error the Appellant argues the State presented insufficient evidence to prove he set the arson fire. He correctly cites the standard of review when both direct and circumstantial evidence are presented: viewing the evidence in the light most favorable to the prosecution, could any rational trier of fact have found each element of the crime beyond a reasonable doubt. *See Riley v. State*, 760 P.2d 198, 199–200 (Okl.Cr. 1988); *Drew v. State*, 771 P.2d 224, 227 (Okl. Cr.1989). Appellant then misapplies the standard.

David Castillo's testimony was corroborated by the State's arson inspector. The char patterns left by the accelerant are consistent with the places David testified he saw the appellant pour gasoline. This evidence, if believed, when viewed in the light most fa-vorable to the prosecution, is sufficient to allow any rational trier of fact to find Martinez set the fire which killed the Castillo girls.

## B. DENIAL OF CONFRONTATION: CROSS–EXAMINATION OF DAVID CASTILLO

The sufficiency of the evidence, however, depends on the credibility of David Castillo. Unknown to the jury, this witness' credibility could have been severely impeached by the fact he set fires when his mother was out, and could have a reason to avoid blame for this one. This information was excluded from trial when the trial court granted the State's motion in limine which provided:

Comes now the State of Oklahoma and moves this Court for an order in limine to limit the defense herein. It has come to the attention of the State that the defense herein intends to discredit the witness David Castillo by trying to show prior bad acts involving the setting of fires. That State moves for an order in limine directing that any such demonstration of prior bad acts by the witness be limited to actual convictions of a crime or juvenile ajudications (sic) if any, of the witness David Castillo.

The State successfully defended its motion twice: prior to the defense cross-examination of David Castillo, and prior to the defense calling David Castillo as its own witness. On each occasion defense counsel argued he wanted to show David set the fires. This argument was successfully defeated by the prosecutors.

The State skillfully used sections of the Evidence Code to bar admission of this evidence. The prosecutor argued Section 2404(B) prohibits the introduction of prior bad acts to show a person acted in conformity therewith. This is correct. *See* 12 O.S. 1981, § 2404(B). The State also argued setting fires is not an act probative of untruthfulness and thus the evidence was also barred under Section 2608(B). Again, this is correct. *See* 12 O.S.1981, § 2608(B). De-

---

**1.** His six year old brother, Angel, also testified as an eyewitness. On direct he testified he saw Martinez in his room the night of the fire; on cross he testified he did not see Martinez in his room the night of the fire, but saw him earlier in the day. The testimony thus can be given no weight.

fense counsel then argued the prior fires were admissible under Section 2405 to show habit or practice and the witness' conformity to his habit. The trial court correctly found counsel's argument unpersuasive. *See* 12 O.S.1981, §§ 2405 and 2406.

While the trial court properly ruled on the argument as presented, we do not end our review here. It is plain the defendant was denied his constitutional right under the Confrontation Clause of the Sixth Amendment to cross-examine David Castillo regarding his bias and motive to lie. *See Beck v. State*, 824 P.2d 385 (Okl.Cr.1991); *Delaware v. Van Arsdall*, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). The State concedes this point in its brief by arguing:

> Defense counsel can ask David if he set the fires.(sic) If he says no, defense counsel under *Davis*, 415 U.S. at 316, [94 S.Ct. at 1110], was certainly entitled to ask David about the other fires to show bias.

■ The State concludes by arguing, without citation, that the defense waived any error because counsel did not ask David if he set the fire. It is this very argument which points up the confrontation violation in this case. Defense counsel could not ask David whether he set the fire, for under the trial court's ruling, he was prohibited from confronting David with the other fires and challenging David's response. Under these circumstances we find plain error which was not waived.

Had the trial judge and counsel had the benefit of our decision in *Beck*, this error may have been avoided. In *Beck* this Court reemphasized the fundamental principle that bias evidence is never collateral and a witness may be cross-examined about any matter tending to show his bias or prejudice. 824 P.2d at 388.

■ Three factors govern admissibility of this evidence: it must be (1) relevant, (2) otherwise admissible under constitutional and statutory authority, and (3) its probative value must not be substantially outweighed by the danger of unfair prejudice. *Id.* at 389 (*citing* 12 O.S.1981, §§ 2401, 2402 and 2403).

The evidence of David's history of setting fires, and his possible motive to avoid blame for this one, satisfies each of these conditions. First, the evidence is relevant of possible motive to lie. It is also otherwise admissible, for extrinsic evidence on the issue of bias may be admitted. *See Id.* Finally, the evidence carries with it little if any danger of unfair prejudice, and it is extremely probative of motive to lie. Upon the final weighing for admission, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice.

■ Having found the defendant was denied his right to confront David Castillo, we must determine whether this error is harmless. The two-step analysis for determining whether constitutional error may be found harmless was set forth in *Bartell v. State*, 881 P.2d 92 (Okl.Cr.1994). We first examine the error itself and determine whether it is subject to harmless error review at all; and if it is, we then determine whether the error was indeed harmless beyond a reasonable doubt. *Id.* at 97. Constitutional error which pervades the entire trial is not subject to harmless error analysis; constitutional error which occurs during the presentation of the case is. *Id.* at 98.

■ The denial of cross-examination of one witness is a discrete act which occurred during the presentation of the case and thus may be found harmless. The error may be declared harmless only if this Court finds beyond a reasonable doubt that it did not affect the outcome of the case. *Id.* at 97 (*citing Chapman v. California*, 386 U.S. 18, 23–24, 87 S.Ct. 824, 827–28, 17 L.Ed.2d 705 (1967)).

Evidence identifying the appellant as the one who set the fire consisted of testimony by neighbors who saw him in the vicinity of the home and by David Castillo who testified he saw the appellant pour gasoline in the home and light the matches setting it ablaze. If the jury doubted David Castillo's credibility, the neighbors' testimony is insufficient to convict. In trial context, it was the credibility of David Castillo which determined whether the defendant would be convicted or acquitted. Given the pivotal importance of this

testimony, we do not find that denying the defendant his right to expose the possible bias of this witness was harmless beyond a reasonable doubt. This error requires reversal of judgment and remand for new trial.

## II. SENTENCING STAGE: FAILURE TO INSTRUCT ON LIFE WITHOUT PAROLE

■ The appellant was tried four months after the effective date of the legislative amendment to Title 21 O.S.Supp.1987, § 701.10 which granted the sentencing option of life without parole in cases of first degree murder. Unfortunately the jury was not instructed on this sentencing option. Had this error occurred alone it would have required vacation of sentence and remand for resentencing. See Fontenot v. State, 881 P.2d 69 (Okl.Cr.1994); Salazar v. State, 852 P.2d 729 (Okl.Cr.1993); Humphrey v. State, 864 P.2d 343 (Okl.Cr.1993), cert. denied, —— U.S. ——, 114 S.Ct. 1663, 128 L.Ed.2d 379 (1993); Hain v. State, 852 P.2d 744 (Okl.Cr.1993), cert. denied, —— U.S. ——, 114 S.Ct. 1402, 128 L.Ed.2d 75 (1994); Wade v. State, 825 P.2d 1357 (Okl.Cr.1992); Allen v. State, 821 P.2d 371 (Okl.Cr.1991).

JOHNSON, P.J., and CHAPEL, V.P.J., and STRUBHAR, J., concur.

LUMPKIN, J., concurs in result.

LUMPKIN, Judge, concurring in results.

I concur in the Court's decision to reverse and remand this case for a new trial on the basis that Appellant was denied his right to cross-examine David Castillo and the opportunity to establish the foundation for the admissibility of habit or routine evidence. However, the Court's reliance on Beck v. State, 824 P.2d 385 (Okl.Cr.1991), to expand the definition of bias evidence beyond its traditional perameters is misplaced.

Beck addressed the defendant's right to cross-examine a witness concerning any matter tending to show bias or prejudice. Here, Appellant sought to introduce evidence of prior fires to show that David Castillo set the fires in the present case and not merely to show that Castillo was biased or prejudiced to testify in a certain manner as addressed in Beck. In other words, Appellant wanted to present "evidence of a person's character or a trait of his character ... for the purpose of proving action in conformity therewith on a particular occasion" which is prohibited by Section 2404 of Title 12. This is different from bias. As Professor Whinery notes at 3 Okla. Evidence (Whinery) 340, § 47.08, "[b]ias denotes a relationship between a party and a witness that may cause the witness to slant testimony, either consciously or unconsciously, either for or against a party," citing to United States v. Abel, 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). He further puts the issue into perspective in 1 Okla. Evidence (Whinery) 406 when he correctly states "[h]owever, in appropriate cases, the showing of bias to impeach a witness is relevant evidence under Section 2401 and admissible under Section 2402 unless its use is restricted by some other rule, such as Section 2403, or one or the other specific rules in Article VI governing the use of specific types of impeaching evidence." Section 2404 is a specific rule which restricts use of character evidence. The evidence sought to be presented in this case, in the form and procedure utilized by trial counsel, did not provide the predicate evidence required to fit within any of the exceptions set out in Section 2404. See Vowell v. State, 728 P.2d 854, 858 (Okl.Cr.1986). This does not preclude a defendant from proving another person committed the crime. It merely points out the requirement to present more than past character evidence which only creates an inference the witness acted in conformity with that past character on the date and time in question.[1]

---

1. In this vein, see Fortson v. State, 269 Ind. 161, 379 N.E.2d 147, 153–54 (1978). There, an appellant contended the trial court erred in not allowing him to present evidence of an alternative theory as to who may have killed the victim. Specifically, the appellant wanted to present evidence the prosecution's key witness had committed prior unlawful acts with others, and had been seen both before and after with those same individuals in the murder area. The Indiana court responded:

A defendant may, of course, establish his innocence by showing that some other person or persons committed the crime charged, instead of himself. But the mere possibility that

The Appellant did not submit any evidence that someone other than Appellant set the fire. Within the context of admissible Section 2404(B) evidence in a criminal proceeding, this Court has consistently required the state to first present evidence showing the crime was committed and a defendant committed the crime prior to the admissibility of the character evidence. In other words, the past character evidence is not admissible standing alone, but is admissible to explain or substantiate evidence already presented. It appears the proper characterization of the evidence Appellant sought to present at trial, and as argued by defense counsel at trial, was habit or routine practice evidence pursuant to Section 2406. However, it was in the attempt to establish the habit as a predicate to the admissibility of the evidence that error occurred.[2] It was Appellant's theory of defense that since David Castillo had a habit of setting fires in the past, even though the limited record or offer of proof do not establish he ever utilized an accelerant to start a fire, he must have set the fire the night of the homicide. Appellant did not lay the foundation for the habit evidence to prove David set the fire and the Court in its opinion states "[t]he trial court correctly found counsel's argument, without any foundation, unpersuasive. *See,* 12 O.S.1981, §§ 2405; 2406." *Opinion* at pg. 141. However, on appeal the Appellant seeks to refashion a remedy by asking this Court to shortcut the required evidentiary process utilizing the generalized rubric of "bias". This is the same methodology used at trial which this Court found the trial judge did not err in denying the admissibility for lack of foundation. *Id.* Now, this mischaracterization of the evidentiary issue has been compounded by the Appellee's adopting and this Court's ruling on the question as propounded rather than determining if the characterization was correct in the first instance.

I do agree Appellant was denied his constitutional right under the Confrontation Clause to cross-examine David Castillo because he was not allowed to ask him if he had set the fire on the night of the homicide. However, the record also reflects the Appellant was denied the opportunity to establish the foundation required, if possible to establish, for the admissibility of the habit or routine evidence sought to be introduced regarding David Castillo's habit of setting fires. The trial court's procedure and rulings on the State's motion in limine precluded the opportunity to attempt to meet the evidentiary requirements for admissibility of this evidence. The Court correctly states any such error must be determined to be harmless beyond a reasonable doubt for the conviction to be affirmed. *Bartell v. State,* 881 P.2d 92 (Okl.Cr.1994); *Beck* at 390; *Chapman v. California,* 386 U.S. 18, 23–24, 87 S.Ct. 824, 827–28, 17 L.Ed.2d 705 (1967).

While David Castillo's testimony was important, the State's case did not stand or fall on that testimony. The Court incorrectly invades the province of the jury when it states no weight can be given to the testimony of Angel Castillo. Although Angel Castillo did not see Appellant throw a lighted match, he saw Appellant in the house carrying a yellow bucket—"that bucket he puts in the lawn mower"—when the fire started. While Angel's testimony may have been impeached on cross-examination, the weight and credit to be given his testimony is solely for the jury's determination. *Yell v. State,* 694 P.2d 946, 948 (Okl.Cr.1985).

Other evidence corroborated David's testimony. The apartments where Appellant parked were in close proximity to the house

some third person did the act is not enough. Evidence tending to incriminate another must be competent and confined to substantive facts which create more than a mere suspicion that such other person committed the particular offense in question.
*Id.* 379 N.E.2d at 153 [citations omitted]

**2.** Professor Whinery discusses the distinction between character evidence and habit evidence at 2 Okla. Evidence (Whinery) 358, § 16.01. "It is often difficult to distinguish admissible habit evidence from inadmissible character evidence. However, as discussed in § 15.02, a useful starting point is that character is a generalized description of one's disposition in respect to a general trait, such as honesty, while habit is more specific and describes a regular practice of meeting a particular set of circumstances with a certain type of behavior, such as regularly failing to stop one's vehicle at an intersection controlled by a stop sign." *Id.*

144

where the little girls died; the front door was burned away, the hinge frozen in the open position; Appellant was seen leaving his car parked in the apartment complex, walking toward the direction of the house shortly before the fire and had been seen in the area of the house on earlier occasions; gasoline was found on a portion of the carpet submitted for analysis, indicating the presence of an accelerant; and evidence tended to show that an adult, rather than a child, poured the gasoline. The State presented a strong case against Appellant. However, because of Appellant's inability to establish for the record the foundation required to determine if the evidence of David Castillo's past conduct was sufficient to establish a habit or routine, and if that habit or routine was relevant to the evidence presented in this case, I must agree with the Court the error was not harmless beyond a reasonable doubt.

Further, even though the Court's comments regarding resentencing are only dicta as applied to this case, I continue to adhere to my separate opinions in *Salazar v. State*, 852 P.2d 729 (Okl.Cr.1993) and *Hain v. State*, 852 P.2d 744 (Okl.Cr.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1402, 128 L.Ed.2d 75 (1994).